# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
           :

| | |
|---|---|
| TIFFANEE GOULD, individually and on behalf of her minor son, A.J. *et al.*, | : Case No.: 1:22-cv-01861-NLH-AMD |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : **Motion Date: June 21, 2022** |
| | : |
| THE GUIDA-SEIBERT DAIRY COMPANY *et al.*, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
(212) 548-2167
*pagoldstein@mcguirewoods.com*

*Attorneys for Defendant The Guida-Seibert Dairy Company*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................1

RELEVANT FACTS ..................................................................................2

LEGAL STANDARD ................................................................................4

ARGUMENT .............................................................................................6

I.     PLAINTIFFS' NEGLIGENCE AND NIED CLAIMS ARE
SUBSUMED BY THE NJPLA ........................................................6

II.    NEITHER THE STUDENTS NOR THE PARENTS CAN
MAINTAIN NIED ACTIONS UNDER NEW JERSEY LAW....................8

    A.    STUDENTS' "DIRECT" NIED CLAIM............................................9

    B.    PARENTS' "INDIRECT" NIED CLAIM ........................................11

        1.    DEATH OR SERIOUS PHYSICAL INJURY OF THE
NAMED STUDENTS .............................................................12

        2.    OBSERVATION AT THE SCENE ......................................13

        3.    SEVERE EMOTIONAL DISTRESS OF PARENTS .............15

III.   THE PARENTS' NJPLA CLAIM MUST BE DISMISSED WHEN
THEY SUFFERED NO PHYSICAL INJURY ...........................................15

IV.   PLAINTIFFS' FAIL TO ALLEGE THE REQUISITE LEVEL OF
CONDUCT FOR PUNITIVE DAMAGES.................................................17

CONCLUSION .........................................................................................18

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acevedo v. Cty. of Essex*,
  504 A.2d 813 (N.J. Super. Ct. Law Div. 1985) ...............................................9, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................................4

*Barrett v. Tri-Coast Pharm., Inc.*,
  518 F. Supp. 3d 810 (D.N.J. 2021) ...................................................................7

*Bartholomew v. Newell Brands, Inc.*,
  No. 1:20-cv-00376-NLH-JS, 2020 U.S. Dist. LEXIS 180323
  (D.N.J. Sept. 30, 2020) .....................................................................................7

*Batchelor v. Procter & Gamble Co.*,
  No. 14-2424 (JLL), 2014 U.S. Dist. LEXIS 104680 (D.N.J. July
  30, 2014) ............................................................................................................8

*Boldman v. Wal-Mart Stores, Inc.*,
  No. 16-0004, 2016 U.S. Dist. LEXIS 59318 (D.N.J. May 4, 2016) ...................7

*Breeman v. Everingham (In re Paulsboro Derailment Cases)*,
  704 F. App'x 78 (3d Cir. 2017) .........................................................................10

*Buckley v. Trenton Sav. Fund Soc.*,
  544 A.2d 857 (N.J. 1988) ..................................................................................9

*Certain Underwriters at Lloyd's v. U-Line Corp.*,
  No. 13-3203, 2013 U.S. Dist. LEXIS 147712 (D.N.J. Oct. 1, 2013) ..................7

*Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*,
  288 F.R.D. 340 (D.N.J. 2012) ......................................................................5, 18

*Connelly v. Lane Constr. Corp.*,
  809 F.3d 780 (3d Cir. 2016) ..............................................................................5

*Decker v. Princeton Packet, Inc.*,
  561 A.2d 1122 (N.J. 1989) ................................................................................9

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Frame v. Kothari,*
    560 A.2d 675 (N.J. 1989) ....................................................................12

*Gates v. Richardson,*
    719 P.2d 193 (Wyo. 1986) ..................................................................13

*Gendek v. Poblete,*
    654 A.2d 970 (N.J. 1995) ...................................................................14

*Gillman v. Rakouskas,*
    No. 16-4619, 2017 U.S. Dist. LEXIS 10835 (D.N.J. Jan. 26, 2017) ................18

*Hindermyer v. B. Braun Med. Inc.,*
    419 F. Supp. 3d 809 (D.N.J. 2019)....................................................6, 8

*Hinton v. Meyers,*
    3 A.3d 601 (N.J. Super. Ct. App. Div. 2010) .....................................14

*Indian Brand Farms v. Novartis Crop Prot., Inc.,*
    890 F. Supp. 2d 534 (D.N.J. 2012)....................................................7, 8

*Ironbound Health Rights Advisory Com'n v. Diamond Shamrock*
    *Chemicals Co.,*
    578 A.2d 1248 (N.J. Super. Ct. App. 1990) .......................................10

*Joseph M. v. Ne. Educ. Intermediate Media Unit 19,*
    516 F. Supp. 2d 424 (M.D. Pa. 2007)..................................................5

*Karlson v. Dematic Corp.,*
    No. 16-321 (MAS) (TJB), 2016 U.S. Dist. LEXIS 112668 (D.N.J.
    Aug. 24, 2016) .................................................................................16

*Kenworthy v. Lyndhurst Police Dep't,*
    No. 18-12822, 2020 U.S. Dist. LEXIS 9585 (D.N.J. Jan. 21, 2020) .................8

*Koeppel v. Bassett,*
    No. 08-cv-04543 (KM), 2015 U.S. Dist. LEXIS 18841 (D.N.J.
    Feb. 17, 2015) .................................................................................13

*Kost v. Kozakiewicz,*
    1 F.3d 176 (3d Cir. 1993) ...................................................................5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Kury v. Abbott Labs., Inc.*,
  No. 11-803 (FLW), 2012 U.S. Dist. LEXIS 4862 (D.N.J. Jan. 17,
  2012) ...................................................................................................16

*Lacy v. Cooper Hosp./Univ. Med. Ctr.*,
  745 F. Supp. 1029 (D.N.J. 1990) .........................................................9

*Lascurain v. City of Newark*,
  793 A.2d 731 (N.J. Super. Ct. App. Div. 2002) ..................................9

*In re Lead Paint Litig.*,
  924 A.2d 484 (N.J. 2007) .....................................................................6

*Leonard v. Golden Touch Transp. of N.Y., Inc.*,
  No. 15-2084, 2018 U.S. Dist. LEXIS 209439 (D.N.J. Dec. 12,
  2018) ...................................................................................................10

*Mendez v. United States*,
  No. 14-7778(NLH/KMW), 2016 U.S. Dist. LEXIS 168854 (D.N.J.
  Dec. 7, 2016).......................................................................................14

*Nappe v. Anschelewitz, Barr, Ansell & Bonello*,
  477 A.2d 1224 (N.J. 1984) ...........................................................17, 18

*Onyejekwe v. Uber Techs., Inc.*,
  No. 19-10196 (ES) (MAH), 2020 U.S. Dist. LEXIS 95128 (D.N.J.
  June 1, 2020).......................................................................................18

*Payne v. Biomet, Inc.*,
  No. 18-13396, 2019 U.S. Dist. LEXIS 111012 (D.N.J. July 2,
  2019) ...................................................................................................16

*Phillips v. Cty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) .................................................................5

*Port Auth. v. Arcadian Corp.*,
  189 F.3d 305 (3d Cir. 1999) .................................................................6

*Portee v. Jaffee*,
  417 A.2d 521 (N.J. 1980) .......................................................12, 14, 15

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Repola v. Morbark Indus., Inc.*,
   934 F.2d 483 (3d Cir. 1991) ..................................................................6

*Rice v. Kawasaki Heavy Indus., Ltd.*,
   No. CV-07-4031 (SJF)(ARL), 2008 U.S. Dist. LEXIS 83659
   (E.D.N.Y. Oct. 17, 2008) ...................................................................6, 8

*Simons v. Goodyear Dunlap Tires N. Am., Ltd.*,
   No. 10-4979 (SRC), 2010 U.S. Dist. LEXIS 134754 (D.N.J. Dec.
   20, 2010) ..............................................................................................7

*Sinclair v. Merck & Co.*,
   948 A.2d 587 (N.J. 2008) ..............................................................15, 16

*Smith v. Covidien LP*,
   No. 1:19-cv-11981-NLH-AMD, 2019 U.S. Dist. LEXIS 223372
   (D.N.J. Dec. 31, 2019 ..........................................................................8

*Estate of Smith v. Riley*,
   No. 14-7247 (NLH)(KMW), 2016 U.S. Dist. LEXIS 77790 (D.N.J.
   June 15, 2016)....................................................................................14

*Stich v. Smith & Nephew, Inc.*,
   No. 20-13811 (FLW), 2021 U.S. Dist. LEXIS 94923 (D.N.J. May
   19, 2021) ............................................................................................17

*Taylor v. Metzger*,
   706 A.2d 685 (N.J. 1997) ..................................................................10

*Tirrell v. Navistar Int'l, Inc.*,
   591 A.2d 643 (N.J. Super. Ct. App. Div. 1991) ....................................6

*Trisuzzi v. Tabatchnik*,
   666 A.2d 543 (N.J. Super. Ct. App. Div. 1995) ..................................13

**Statutes**

New Jersey Products Liability Act ............................................1, 6, 7, 16

New Jersey Punitive Damages Act .......................................................17

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 12 ................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 4, 18

Fed. R. Civ. P. 23(b)(3) ........................................................................................3

N.J. Ct. R. 4:26-2 .................................................................................................3

Defendant The Guida-Seibert Dairy Company ("Guida's"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this memorandum in support of its Motion to Dismiss Plaintiffs' Complaint.

## **INTRODUCTION**

In this products liability action, Plaintiffs allege claims on behalf of two putative classes, one comprised of minor students and the other comprised of their parents or guardians. Both classes allege personal injury (mainly emotional distress) resulting from the students' ingestion of a product thought to be school milk, which instead contained diluted food-grade sanitizer. Plaintiffs bring claims under the New Jersey Products Liability Act ("NJPLA" or the "Act"), as well as for negligence and negligent infliction of emotional distress ("NIED").

For five separate reasons, Plaintiffs' allegations are deficient. First, because Plaintiffs' allegations sound in products liability, their negligence and NIED claims are subsumed by the NJPLA and must be dismissed. Second, and even if that were not the case, the students' NIED claims must be dismissed for failure to plead the requisite severity of harm. Third, the parents' NIED claims must be dismissed because they: (a) fail to allege the requisite severity of harm, (b) were not present to witness the alleged harm, and (c) fail to plead the requisite severity of harm as to themselves. Fourth, to the extent Plaintiffs bring claims under the NJPLA as to the parents, those claims cannot succeed when the parents suffered no physical injury.

1

Fifth and finally, Plaintiffs' claim for punitive damages must be dismissed since Plaintiffs fail to allege any malicious or willful and wanton conduct on behalf of Guida's.

## **RELEVANT FACTS**

Plaintiffs allege that students suffered personal injury as a result of drinking milk from school milk cartons ("Product") that was "contaminated with a commercial cleaning agent" ("Incident"). (Goldstein Decl. Ex. A ("Compl.") at ¶¶ 5-10, 18, 20.) Plaintiffs allege the Product was processed by Guida's. (*Id.* ¶ 16.) As a result, Plaintiffs allege that they each "demonstrated similar physical symptoms, including severe stomach pain and cramping, nausea, vomiting, diarrhea, and flatulence." (*Id.* ¶ 21.) Plaintiffs' Complaint is silent on any lasting or permanent physical injuries allegedly suffered by the students, and the named parents fail to allege any physical injuries, themselves. (*Id.* ¶¶ 22.) Both the named parents and students allege that the Incident caused them emotional injuries. (*Id.* ¶ 53-58.)

Plaintiffs bring three causes of action. First, Plaintiffs bring negligence claims on behalf of "Plaintiffs and other New Jersey Student Class members in the form of bodily harm." (*Id.* ¶ 43.) Second, Plaintiffs assert a cause of action under the NJPLA "for the damages the manufacturing defect inherent in contaminated milk caused Plaintiffs and other Class members." (*Id.* ¶ 52.) Finally, Plaintiffs bring an NIED

2

claim on behalf of "Plaintiffs and other Class members," as well as the "New Jersey

Student Class" and the "New Jersey Parent Class."  (*Id.* ¶¶ 56-58.)  Plaintiffs seek

relief, including "compensatory and punitive damages."  (*Id.* WHEREFORE Clause

¶ C.)

Plaintiffs bring claims not only in their individual capacities, but on behalf of

two putative classes.  The first putative class comprises parents of affected students

("Parent Class") and is defined as:

> Parents and/or legal guardians of all students within the Camden City
> School District, or such other school districts within the State of New
> Jersey as discovery may reveal, whose children ingested milk packaged
> and/or processed by Defendant, THE GUIDA-SEIBERT DAIRY
> COMPANY, doing business as "Guida's Dairy", and whose children
> experienced physical symptoms or illness therefrom.

(*Id.* ¶ 26.)  The second putative class comprises affected students ("Student Class")

and is defined as:

> All students within the Camden City School District, or such other
> school districts within the State of New Jersey as discovery may reveal,
> who ingested milk packaged and/or processed by Defendant, THE
> GUIDA-SEIBET DAIRY COMPANY, doing business as "Guida's
> Dairy", and who experienced physical symptoms or illness therefrom.

(*Id.* ¶ 26.)  Both classes seek damages under Rule 23(b)(3).  (*Id.* ¶¶ 32-33, 37-38.)

Plaintiffs allege that they are each the "parent and legal guardian of her minor

child."  (*Id.* ¶¶ 6, 8, 10.)  Plaintiffs do not allege that they have been appointed

guardian ad litem for any member of the Student Class by a New Jersey state court

in compliance with New Jersey Court Rule 4:26-2, or otherwise.  (*See generally id.*).

3

## **LEGAL STANDARD**

Rule 12 requires dismissal when the court lacks subject-matter jurisdiction or when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim must have "facial plausibility," achieved when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). This Court "must accept as true all of the allegations contained in the complaint," but need not accept legal conclusions. *Id.* Nor should the Court accept speculative assumptions: This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To determine the sufficiency of a complaint under *Twombly*, the court must take three steps: "First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. . . . Second, it should identify allegations that, because they are no

more than conclusions, are not entitled to the assumption of truth. . . . Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (brackets in original).

"The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation and quotation marks omitted); *Joseph M. v. Ne. Educ. Intermediate Media Unit 19*, 516 F. Supp. 2d 424, 434 (M.D. Pa. 2007) ("In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred." (citing *Kost*)). A plaintiff's complaint must make a "showing sufficient to justify moving the case beyond the pleadings to the next stage of the litigation." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). "A court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 288 F.R.D. 340, 343 (D.N.J. 2012) (Hillman, J.) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

Applying this standard to Plaintiffs' allegations under New Jersey law, it becomes clear that this Court should dismiss several of Plaintiffs' claims.

## ARGUMENT

### I.   Plaintiffs' Negligence and NIED Claims are Subsumed By the NJPLA.

Plaintiffs' NJPLA claim subsumes their negligence and NIED causes of action and, as a result, those claims cannot survive.  In passing the NJPLA, the New Jersey Legislature intended for it to be the sole method to prosecute products liability actions.  *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 817 (D.N.J. 2019).  Following the passage of the NJPLA, "the Product Liability Act . . . codified the[] common-law rules, and only a single product liability action remain[ed]."  *Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647-48 (N.J. Super. Ct. App. Div. 1991).  Stated differently, the NJPLA "encompass[es] virtually all possible causes of action relating to harms caused by consumer and other products."  *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007); *see also id.* (describing the NJPLA as "expansive and inclusive").  In essence, the NJPLA "effectively creates an exclusive statutory cause of action for claims falling within its purview," *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991), and "products-liability claims based on common law theories" must be dismissed.  *Hindermyer*, 419 F. Supp. 3d at 818.

Common law negligence claims have consistently been dismissed by courts when subsumed by the NJPLA.  *See, e.g.*, *id.*  at 818-19 (collecting cases); *see also Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999); *Rice v. Kawasaki Heavy Indus., Ltd.*, No. CV-07-4031 (SJF)(ARL), 2008 U.S. Dist. LEXIS 83659, at

*18-22 (E.D.N.Y. Oct. 17, 2008) (interpreting New Jersey law and collecting cases). Similarly, NIED claims related to injuries from allegedly defective products also must be dismissed as subsumed.  *See, e.g.*, *Barrett v. Tri-Coast Pharm., Inc.*, 518 F. Supp. 3d 810, 825 (D.N.J. 2021); *Boldman v. Wal-Mart Stores, Inc.*, No. 16-0004, 2016 U.S. Dist. LEXIS 59318, at *5-10 (D.N.J. May 4, 2016); *Simons v. Goodyear Dunlap Tires N. Am., Ltd.*, No. 10-4979 (SRC), 2010 U.S. Dist. LEXIS 134754, at *3-6 (D.N.J. Dec. 20, 2010).

In recognition of the subsuming effect of the NJPLA, this Court has routinely dismissed other products liability causes of action.  *See Bartholomew v. Newell Brands, Inc.*, No. 1:20-cv-00376-NLH-JS, 2020 U.S. Dist. LEXIS 180323, at *10-15 (D.N.J. Sept. 30, 2020) (Hillman, J.); *Certain Underwriters at Lloyd's v. U-Line Corp.*, No. 13-3203 (NLH/AMD), 2013 U.S. Dist. LEXIS 147712, at *6-13 (D.N.J. Oct. 1, 2013) (Hillman, J.); *Indian Brand Farms v. Novartis Crop Prot., Inc.*, 890 F. Supp. 2d 534, 538-52 (D.N.J. 2012) (Hillman, J.).

The NJPLA defines "product liability action" to include "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."  N.J. Stat. § 2A:58C-1(b)(3).  Here, Plaintiffs' negligence and NIED claims seek recovery for harm allegedly caused by a product.  More specifically, all three causes of action in Plaintiffs' Complaint seek redress for injuries allegedly

sustained from consuming allegedly contaminated milk "processed" by Guida's. (Compl. ¶¶ 14-25.)   Given that the NJPLA was intended to replace all common law causes of action related to products liability actions, Plaintiffs' negligence and NIED claims are subsumed by the Act.  As a result, this Court should grant this motion and dismiss those causes of action.

Courts have routinely dismissed negligence-based common law causes of action with prejudice when those claims are subsumed by the NJPLA since no amendment of the Complaint would change the subsuming effect of the NJPLA. *See, e.g.*, *Kenworthy v. Lyndhurst Police Dep't*, No. 18-12822, 2020 U.S. Dist. LEXIS 9585, at *34-36 (D.N.J. Jan. 21, 2020); *Smith v. Covidien LP*, No. 1:19-cv-11981-NLH-AMD, 2019 U.S. Dist. LEXIS 223372, at *30 n.7 (D.N.J. Dec. 31, 2019) (Hillman, J.); *Hindermyer*, 419 F. Supp. 3d at 831; *Batchelor v. Procter & Gamble Co.*, No. 14-2424 (JLL), 2014 U.S. Dist. LEXIS 104680, at *15-16 (D.N.J. July 30, 2014); *Indian Brand Farms*, 890 F. Supp. 2d at 552 (Hillman, J.); *Rice*, 2008 U.S. Dist. LEXIS 83659, at *35.  This Court should do the same, here.

## II.   Neither the Students Nor the Parents Can Maintain NIED Actions Under New Jersey Law.

Even if Plaintiffs' NIED claim was not completely subsumed by the NJPLA, this Court should still dismiss the NIED claim because neither the parents nor the students plead the facts necessary to support such a claim.  The NIED claims, both for the students and the parents, fail because they fail to allege emotional distress

severe enough under New Jersey law. The parents' NIED claims fails for the additional reasons that they cannot allege the students suffered death or serious injury, or that the parents were present to observe the students' alleged injuries at the scene.

### A.    Students' "direct" NIED claim

The students' "direct" NIED claim fails as a matter of law where they fail to allege the substantial emotional distress required under New Jersey law. To advance an NIED claim, a plaintiff must plead "genuine and substantial emotional distress or mental harm to average persons." *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122, 1128 (N.J. 1989) (collecting cases). Generalized allegations of anger, grieving, stress, or loss of sleep are insufficient to satisfy the requirement of genuine and substantial emotional distress, and New Jersey courts have routinely dismissed such claims. *Lacy v. Cooper Hosp./Univ. Med. Ctr.*, 745 F. Supp. 1029, 1036 (D.N.J. 1990); *see also Buckley v. Trenton Sav. Fund Soc.*, 544 A.2d 857, 864-66 (N.J. 1988) (holding loss of sleep, aggravation, headaches and nervous tension cannot support emotional distress claim); *Lascurain v. City of Newark*, 793 A.2d 731, 748 (N.J. Super. Ct. App. Div. 2002) (holding nausea, being "kind of hysterical," depression, nightmares, and a lack of enjoyment of activities could not support emotional distress claim); *Acevedo v. Cty. of Essex*, 504 A.2d 813, 817 (N.J. Super. Ct. Law

Div. 1985) (holding generalized allegations of "great anguish and emotional distress" cannot support emotional distress).

As the Supreme Court of New Jersey made clear in *Taylor v. Metzger*, 706 A.2d 685 (N.J. 1997), a plaintiff must meet a very high bar to demonstrate he or she suffered sufficiently genuine and substantial emotional distress. *Id.* at 688, 697. In that case, the court held that a plaintiff sufficiently showed genuine and severe emotional distress when the plaintiff was diagnosed with "adjustment disorder with mixed emotional features" and then "post-traumatic stress disorder" by a psychiatrist, which manifested in insomnia, a "psychiatric itch," and hair loss, and for which the psychiatrist prescribed an anxiolytic. *Id.*

Additionally, a plaintiff's genuine and substantial emotional distress must be of a sufficient "intensity and duration;" distress that does not "linger" cannot satisfy the tort's requirements. *Leonard v. Golden Touch Transp. of N.Y., Inc.*, No. 15-2084, 2018 U.S. Dist. LEXIS 209439, at *20-22 (D.N.J. Dec. 12, 2018). Finally, if a plaintiff alleges emotional distress based on exposure to a toxin, that plaintiff must allege the reasonableness of an attendant fear of an increased disease risk. *See Breeman v. Everingham (In re Paulsboro Derailment Cases)*, 704 F. App'x 78, 86 (3d Cir. 2017) (applying New Jersey law); *see also id.* at 86-87 (holding this reasonableness determination must be made with a "common sense filter to the plaintiffs' own allegations of harm"); *Ironbound Health Rights Advisory Com'n v.*

*Diamond Shamrock Chemicals Co.*, 578 A.2d 1248, 1250 (N.J. Super. Ct. App. 1990).

Plaintiffs' Complaint is silent as to any allegations that would support the type of significant and lingering emotional distress required to advance the students' NIED claim.  Plaintiffs' only allegation is that the Incident was a "traumatizing ordeal" that "resulted in severe emotional distress" to the students.  (Compl. ¶ 57.) Plaintiffs do not allege a single diagnosis or physical manifestation indicative of lasting, severe distress that might objectively show the emotional distress cognizable under New Jersey law.  Nor can Plaintiffs allege that the Incident caused an objectively reasonable fear of an increased risk of disease.  Instead, Plaintiffs make the same type of bare-bones, conclusory allegation of emotional distress that failed as a matter of law in *Acevedo*.  As a result, and as courts have routinely done in instances such as these, this Court should dismiss the students' direct NIED claim, even if that claim somehow is not subsumed by the NJPLA.

## B.   *Parents' "indirect" NIED claim*

Additionally, if this Court does not find the NIED count subsumed by the NJPLA, the parents' NIED claim must also fail.  While New Jersey's courts have affirmed the existence of an indirect (or "bystander") NIED claim, such a claim is actionable only when a plaintiff shows: "(1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial

relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress." *Portee v. Jaffee*, 417 A.2d 521, 528 (N.J. 1980). Plaintiffs fail to allege any facts supporting three of these mandatory elements, meaning their claim fails as a matter of law.[1]

### 1.    Death or serious physical injury of the named students

Plaintiffs fail to plead the first *Portee* requirement, that of a reaction to death or serious injury. "The harm we have determined to be worthy of judicial redress is the trauma accompanying the observation of the death or serious physical injury of a loved one." *Portee*, 417 A.2d at 527-28; *see also id.* at 528 ("Since the sense of loss attendant to death or serious injury is typically not present following lesser accidental harm, perception of less serious harm would not ordinarily result in severe emotional distress.").

To plead actionable indirect emotional distress, "the plaintiff should observe the kind of result that is associated with the aftermath of an accident, such as bleeding, traumatic injury, and cries of pain." *Frame v. Kothari*, 560 A.2d 675, 678 (N.J. 1989) (citing *Gates v. Richardson*, 719 P.2d 193, 199 (Wyo. 1986)); *see also*

---

[1] For the purposes of this motion, and based purely on the allegations in the Complaint, Guida's does not contest the requisite familial relationship exists between the named parents and their minor students and satisfies the second of the four pleading requirements set forth in *Portee*.

*Gates*, 719 P.2d at 199 ("We base this limitation on the common sense notion that people recover from serious shock quickly if it turns out to be a false alarm."). Injuries in which there is "no bloodshed [and] no broken bones" are not sufficiently serious. *Koeppel v. Bassett*, No. 08-cv-04543 (KM), 2015 U.S. Dist. LEXIS 18841, at *13-14 (D.N.J. Feb. 17, 2015); *see also id.* at *13 ("A NIED claim will not lie for witnessing such injuries, which are significant but not sufficiently serious."); *Trisuzzi v. Tabatchnik*, 666 A.2d 543, 548 (N.J. Super. Ct. App. Div. 1995) (holding dog bites to the hand and groin were insufficient when the victim wrapped his wounds and walked home).

Plaintiffs' allegations fall well short of this mark. At most, Plaintiffs allege the students suffered "severe stomach pain and cramping, nausea, vomiting, diarrhea, and flatulence" of an unstated duration. (Compl. ¶ 21.) Without minimizing these consequences, they fall well short of what New Jersey requires to assert an indirect NIED claim. *See Koeppel*, 2015 U.S. Dist. LEXIS 18841, at *13. As a result, the indirect NIED claim fails, and this Court should dismiss it.

## 2.    Observation at the scene

The Court should also dismiss the indirect NIED claim because Plaintiffs fail to allege the parents were present at the scene to witness the Incident or students' alleged physical reactions. According to the Supreme Court of New Jersey, "we hold that observing the death or serious injury of another while it occurs is an

essential element of a cause of action for the negligent infliction of emotional distress." *Portee*, 417 A.2d at 527.  This observation must occur at the scene, and the plaintiff must observe the event that causes death or serious injury to their family member; even observing the family member at the hospital after the fact is insufficient.  *See Hinton v. Meyers*, 3 A.3d 601, 605 (N.J. Super. Ct. App. Div. 2010) (holding that a plaintiff who did not witness the accident, but arrived to the hospital to see treatment of his daughter shortly before she died "was sufficiently attenuated from the accident to negate the requisite element of contemporaneousness"); *see also Gendek v. Poblete*, 654 A.2d 970, 975 (N.J. 1995) (holding parents watching non-negligent resuscitative efforts by medical personnel was insufficient).  This Court has repeatedly dismissed indirect NIED claims when parents did not contemporaneously witness the event causing their child's death or serious injury.  *See, e.g.*, *Mendez v. United States*, No. 14-7778(NLH/KMW), 2016 U.S. Dist. LEXIS 168854, at *30-33 (D.N.J. Dec. 7, 2016) (Hillman, J.); *Estate of Smith v. Riley*, No. 14-7247 (NLH)(KMW), 2016 U.S. Dist. LEXIS 77790, at *18-22 (D.N.J. June 15, 2016) (Hillman, J.).

The Complaint does not allege that the parents were at the schools at the time of the Incident or that they witnessed their students consume the Product or become ill.  While it would still not suffice, Plaintiffs fail to allege they even saw their children at the hospital or otherwise receiving medical treatment following the

14

Incident.  Instead, Plaintiffs merely allege the named parents received a phone call about the Incident and that their children were treated and discharged.  (Compl. ¶¶ 17-19, 22.)  The Court should dismiss Plaintiffs' indirect NIED claim.

### 3.    Severe emotional distress of parents

The parents' NIED claim also fails because they fail to allege their own substantial emotional distress.  Like a direct NIED claim, an indirect NIED claimant must allege genuine and substantial emotional distress as a result of witnessing his or her family member's death or serious physical injury.  *See Portee*, 417 A.2d at 528 (requiring "resulting severe emotional distress" to the bystander plaintiff).

Here, for the same reasons that the students' direct NIED claim fails, the parents' claims also fail.  Plaintiffs do not allege the parents have suffered sustained, genuine, and substantial emotional distress and, instead, allege the vague "fear for the safety and wellbeing of their children" that fails as a matter of law. (Compl. ¶ 58.)  Because the named parents have not suffered their own substantial emotional distress, their indirect NIED claim fails as a matter of law.

### III.   The Parents' NJPLA Claim Must Be Dismissed When They Suffered No Physical Injury.

If Plaintiffs intended to bring an NJPLA claim on behalf of the parents (rather than on behalf of their minor children), those claims must be dismissed since the named parents do not allege they suffered any physical injury.  To establish a claim under the NJPLA, a plaintiff must allege a physical injury.  *See Sinclair v. Merck &*

*Co.*, 948 A.2d 587, 595 (N.J. 2008).  In *Sinclair*, the Supreme Court of New Jersey held:

> We read our PLA to require a physical injury.  Prior to the enactment of the PLA, we adopted generally the view of *Restatement (Second) of Torts § 402A* (1965), in which strict liability in tort for defective products spoke only in terms of physical harm . . . . Nothing in the legislative history of the PLA suggests that the Legislature intended to eliminate that physical component.

*Id.*  (internal citation omitted).  Courts in this District have repeatedly dismissed NJPLA claims when a plaintiff failed to allege physical injury.  *See, e.g.*, *Payne v. Biomet, Inc.*, No. 18-13396, 2019 U.S. Dist. LEXIS 111012, at *7-10 (D.N.J. July 2, 2019); *Karlson v. Dematic Corp.*, No. 16-321 (MAS) (TJB), 2016 U.S. Dist. LEXIS 112668, at *8-10 (D.N.J. Aug. 24, 2016); *Kury v. Abbott Labs., Inc.*, No. 11-803 (FLW), 2012 U.S. Dist. LEXIS 4862, at *17-18 (D.N.J. Jan. 17, 2012).

Plaintiffs allege Guida's is "strictly liable under the New Jersey Products Liability Act for damages the manufacturing defect inherent in the contaminated milk caused **Plaintiffs and other Class members**."  (Compl. ¶ 52 (emphasis added).)  The Complaint defines "Plaintiffs" to include the parents, both in their individual capacities and on behalf of their minor children.  (*Id.*  at 1.)  Plaintiffs seek to represent two subclasses, including a Parent Class.  (*Id.*  ¶ 26.)  Because Plaintiffs do not allege the parents suffered any physical injury, the Court should dismiss any NJPLA claim brought on behalf of the parents.

## IV.    Plaintiffs' Fail to Allege the Requisite Level of Conduct for Punitive <u>Damages.</u>

Plaintiffs' request for punitive damages must be dismissed since they fail to allege the requisite culpability to support such a claim.  In New Jersey, punitive damages are governed by the Punitive Damages Act.  *See* N.J. Stat. §§ 2A:15-5.10; 2A:15-5.12.  It allows for the recovery of punitive damages only upon a showing by clear and convincing evidence that "the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions."  N.J. Stat. §§ 2A:15-5.12(a).  The Punitive Damages Act applies to punitive damages requested as part of a NJPLA claim.  *See Stich v. Smith & Nephew, Inc.*, No. 20-13811 (FLW), 2021 U.S. Dist. LEXIS 94923, at *21-22 (D.N.J. May 19, 2021).

"To warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious.  There must an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and wil[l]ful disregard of the rights of another." *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 477 A.2d 1224, 1230 (N.J. 1984) (citation omitted); *see also id.* ("To warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious.").  Allegations of mere negligence or grossly negligent conduct by a defendant are insufficient to support and award of punitive damages and warrant dismissal

17

pursuant to Rule 12(b)(6).  *See, e.g.*, *Onyejekwe v. Uber Techs., Inc.*, No. 19-10196 (ES) (MAH), 2020 U.S. Dist. LEXIS 95128, at *7-8 (D.N.J. June 1, 2020); *Gillman v. Rakouskas*, No. 16-4619 (JBS/KMW), 2017 U.S. Dist. LEXIS 10835, at *5-8 (D.N.J. Jan. 26, 2017).

Plaintiffs fail to allege any conduct by Guida's rising to the level of actual malice or wanton and willful disregard of Plaintiffs' rights.  While legal conclusions are to be disregarded by this Court at the motion to dismiss stage, *see Colony Ins. Co.*, 288 F.R.D. at 343 (Hillman, J.), Plaintiffs' factual allegations fail to even include the phrases "actual malice" or "willful and wanton," much less allege facts suggesting that Guida's committed an "evil-minded act" or acted with a "wanton and wil[l]ful disregard of the rights of another."  *See Nappe*, 477 A.2d at 1230.  At most, Plaintiffs make the bald assertion that Guida's acted "carelessly, recklessly, and /or [sic] negligently."  (Compl. at ¶ 33(a); *see also id.* at ¶ 33(b).)   As a result, Plaintiffs' punitive damages claim should be dismissed.

## **CONCLUSION**

Defendant, The Guida-Seibert Dairy Company, requests that this Court grant its instant motion, dismiss Plaintiffs' claims pursuant to Rule 12(b)(6), and grant all such further relief as this Court deems just and proper.

18

Dated: May 23, 2022
New York, NY

Respectfully Submitted,

*/s/ Philip A. Goldstein*

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
Telephone:  (212) 548-2167
Email: pagoldstein@mcguirewoods.com

*Attorneys for Defendant The Guida-Seibert Dairy Company*