# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIFFANEE GOULD, individually, and on behalf of her minor son, A.J.; <br><br> DOMINIQUE WILSON, individually, and on behalf of her minor daughter, A.J.; <br><br> DEBORAH POLLITT, individually, and on behalf of her minor daughter, D.P.; and <br><br> On behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE GUIDA-SEIBERT DAIRY COMPANY; JOHN DOES 1-10 (Fictitious Names); and ABC BUSINESS ENTITIES 1-10 (Fictitious Entities), <br><br> Defendants. | **Civil Action No.:** <br><br> **Hon.** <br><br><br> **Class Action Complaint** <br><br><br> **Jury Trial Demanded** |

Plaintiffs, TIFFANEE GOULD, individually, and on behalf of her minor son, A.J.; DOMINIQUE WILSON, individually, and on behalf of her minor daughter, A.J.; and DEBORAH POLLITT, individually, and on behalf of her minor daughter, D.P., (together, "Plaintiffs"), bring this class action on behalf of themselves and those similarly situated against Defendants, THE GUIDA-SEIBERT DAIRY COMPANY, JOHN DOES 1-10 (Fictitious Names); and ABC BUSINESS ENTITIES 1-10 (Fictitious Entities). Based on personal knowledge as to facts pertaining to them, and upon information and belief as to all other matters, Plaintiffs allege as follows:

1

### I. JURISDICTION AND VENUE

1. This Court has diversity jurisdiction under 28 U.S.C. §§ 1332 because the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.

2. At all times relevant herein, Plaintiffs, as well as any potential class members, all reside in the State of New Jersey.

3. At all times relevant herein, Defendant, THE GUIDA-SEIBERT DAIRY COMPANY, is, upon information and belief, incorporated in the State of Connecticut and has its principal place of business in said State.

4. Venue properly lies in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in that district. Venue is also properly laid in this Court pursuant to 28 U.S.C. § 1391 (b)(3) in that Defendant operates and does business within the district in which the Court is located, and is subject to this Court's personal jurisdiction.

### II. PARTIES

5. At all times relevant herein, Plaintiff, TIFFANEE GOULD, is an adult resident citizen of Camden County, New Jersey, with a residential address for service of process of 576 Line Street, Camden, NJ 08103.

6. Further, Plaintiff, TIFFANEE GOULD, is the parent and legal guardian of her minor son, A.J.

7. At all times relevant herein, Plaintiff, DOMINIQUE WILSON, is an adult resident citizen of Camden County, New Jersey, with a residential address for service of process of 2008 S. 8th Street, Camden, NJ 08104.

8. Further, Plaintiff, DOMINIQUE WILSON, is the parent and legal guardian of her

minor daughter, A.J.

9. At all times relevant herein, Plaintiff, DEBORAH POLLITT, is an adult resident citizen of Camden County, New Jersey, with a residential address for service of process of 1344 Chase Street, Camden, NJ 08104.

10. Further, Plaintiff, DEBORAH POLLITT, is the parent and legal guardian of her minor daughter, D.P.

11. At all times relevant herein, Defendant, THE GUIDA-SEIBERT DAIRY COMPANY, a milk processing company, is a foreign for-profit corporation, incorporated under the laws of the State of Connecticut, with a principal place of business located at 433 Park Street, New Britain, Connecticut 06051, and with a registered agent for service of process being the Corporation Service Company, with a registered office located at Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

12. At all times relevant herein, Defendants, JOHN DOES 1-10 (Fictitious Names) and ABC BUSINESS ENTITIES 1-10 (Fictitious Entities), are believed to be individuals or entities whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiffs do not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

### III. SUBSTANTIVE ALLEGATIONS

13. All Plaintiffs have children attending school within the Camden City School District, with the children of Plaintiffs Gould and Wilson enrolled at the Early Childhood Development Center located at 1602 Pine Street, Camden, New Jersey 08103, and with the child of Plaintiff Pollitt enrolled at Riletta T. Cream Elementary School located at 1875 Mulford Street,

Camden, New Jersey 08104.

14. Upon information and belief, the Camden City School District has a food services contract for the provision of student meals through third-party food service provider Aramark.

15. Upon information and belief, Aramark has a food services contract for the provision of milk through Defendant, THE GUIDA-SEIBERT DAIRY COMPANY.

16. Pursuant to these agreements, milk processed by Defendant, THE GUIDA-SEIBERT DAIRY COMPANY, makes its way through the stream of commerce, ultimately to schools within the Camden City School District where it is provided to students and consumed by students during school meal times.

17. All Plaintiffs commonly report that on or about the morning of Wednesday, March 30, 2022, at approximately 8:30AM, Plaintiffs received an automated telephone call from the Camden City School District informing them that potentially contaminated milk had been disseminated to the student population and that their child may be among those who consumed said milk.

18. Shortly after this automated call, Plaintiffs report receiving individualized calls directly from their respective child's teacher or school nurse informing them that their child had, in fact, consumed the potentially contaminated milk and was now exhibiting physical symptoms.

19. Plaintiffs were informed that police and EMS services had responded to the scene and that the children would be shuttled by bus to local hospitals for examination and treatment if necessary.

20. The children of Plaintiffs Gould, Wilson, and Pollitt, were all transported to Cooper University Hospital in Camden, New Jersey, where medical professionals determined that the milk the students ingested had, in fact, been contaminated with a commercial cleaning agent, believed

to be called, "Vortex" or "Vortexx" (these are two separate cleaning agents, and, at present, it is unclear which is the relevant contaminant).

21. As a direct and proximate result of having ingested the chemical contaminant, Plaintiffs' children all demonstrated similar physical symptoms, including, severe stomach pain and cramping, nausea, vomiting, diarrhea, and flatulence.

22. Ultimately, the children were discharged from the hospital, but as their ingestion of the chemical cleaning agent is still so recent, it is unknown to Plaintiffs how this event may affect their children moving forward, as children of several of the currently known Plaintiffs continue to experience stomach pain.

23. Upon information and belief, the Camden County School District informed Defendant, THE GUIDA-SEIBERT DAIRY COMPANY, of the situation resulting from their contaminated milk, and the ordeal garnered somewhat significant press coverage from the media, with numerous articles online and reports on local televised news.

24. On March 31, 2022, the Connecticut Department of Agriculture issued a press release (a copy of which is annexed hereto as **EXHIBIT "A"**), wherein the Department reports, in part, that, "The Connecticut Department of Agriculture (CT DoAg) Bureau of Regulatory Services is investigating an incident involving Guida's Dairy in New Britain, CT. The incident is regarding 1% low-fat half-pint milk cartons with a sell by date of APR 11 that contains diluted sanitizer... This mild had limited distribution in New Jersey."

25. Defendant, THE GUIDA-SEIBERT DAIRY COMPANY (hereinafter, "Guida's Dairy"), is reported, according to a March 31, 2022, article from local news website NJ.com, as confirming that, "A food-grade sanitizer diluted with water was inadvertently introduced during production." (Source: https://www.nj.com/camden/2022/03/tainted-milk-that-sent-dozens-of-

5

students-to-hospital-recalled-from-all-nj-schools.html).

## IV. CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action in their individual capacities and under Rule 23 of the Federal Rules of Civil Procedure, as representatives of Classes defined as follows:

### The New Jersey Parent Class

Parents and/or legal guardians of all students within the Camden City School District, or such other school districts within the State of New Jersey as discovery may reveal, whose children ingested milk packaged and/or processed by Defendant, THE GUIDA-SEIBERT DAIRY COMPANY, doing business as "Guida's Dairy", and whose children experienced physical symptoms or illness therefrom.

### The New Jersey Student Class

All students within the Camden City School District, or such other school districts within the State of New Jersey as discovery may reveal, who ingested milk packaged and/or processed by Defendant, THE GUIDA-SEIBERT DAIRY COMPANY, doing business as "Guida's Dairy", and who experienced physical symptoms or illness therefrom.

27. Excluded from these Classes are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time has had, a controlling interest in the Defendant entity; the Judge to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Classes.

### Numerosity. Fed. R. Civ. P. 23(a)(1)

28. Upon information and belief, the individuals in the Classes are so numerous that joinder is impracticable.

29. While Plaintiffs do not, at present, know the exact number of members in each Class, publicly available data from the National Center for Education Statistics reveals that as of

6

the 2021-2022 school year, the Camden City School District operated nineteen (19) schools, servicing 7,553, students.

30. Plaintiffs do not know, at present, how many of the students within the Camden City School District ingested the contaminated milk, nor whether any schools from other districts were similarly affected; however, the number of members in both Classes could clearly range from the hundreds to the thousands, depending on how much of Defendant, THE GUIDA-SEIBERT DAIRY COMPANY's milk was distributed.

31. Upon information and belief, a more accurate number of proposed members of the the New Jersey Student Class could be easily identified through Defendant, THE GUIDA-SEIBERT DAIRY COMPANY's distribution records for the contaminated batch(es) of milk.

**Commonality & Predominance. Fed. R. Civ. P. 23(a)(2) and (b)(3)**

32. Questions of law and fact common to the respective members of both Classes predominate over questions, if any, that may affect only individual Class members because Guida's Dairy has acted on grounds generally applicable to the entirety of both Classes. Such generally applicable conduct is inherent in Guida's Dairy's wrongful conduct.

33. Questions of law and fact common to the Classes include, but are not limited to:

(a) Whether Guida's Dairy, carelessly, recklessly, and /or negligently introduced a chemical cleaning agent and/or other contaminant into its milk;

(b) Whether Plaintiffs and other members of the Classes have been damaged as a direct and proximate result of Guida's Dairy's careless, reckless, and /or negligent introducing of a chemical cleaning agent and/or other contaminant into its milk; and,

(c) The proper measure of damages therefor.

7

**Typicality. Fed. R. Civ. P. 23(a)(3)**

34. Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and all members of the Classes were damaged by the same wrongful conduct i.e., with respect to the New Jersey Parent Class, they are the parents or legal guardians of children who ingested contaminated milk packaged and/or processed by Guida's Dairy; and with respect to the New Jersey Student Class, they are the students themselves who ingested said contaminated milk packaged and/or processed by Guida's Dairy.

**Adequacy. Fed. R. Civ. P. 23(a)(4)**

35. Plaintiffs will fairly and adequately protect and represent the interests of the Classes. Plaintiffs' interests are coincident with, and not antagonistic to, those of the Classes.

36. Plaintiffs are represented by counsel who are experienced and competent in the prosecution of class action litigations.

**Superiority. Fed. R. Civ. P. 23(b)(3)**

37. Class action treatment is a superior method for the fair and efficient adjudication of the controversy in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action.

38. Plaintiffs know of no difficulty to be encountered in this action that would preclude its maintenance as a class action.

## V. CAUSE OF ACTION

### COUNT ONE
### Negligence
### As to All Defendants

39. Plaintiffs and the Classes incorporate each of the foregoing paragraphs as if set forth fully herein.

40. In connection with its operation as a milk processor, Defendant, THE GUIDA-SEIBERT DAIRY COMPANY ("Guida's Dairy"), had and continues to have a duty to ensure that the milk it processes is free of foreign substances, such as cleaning solvents and sanitizers, that could cause injury or bodily harm to human health.

41. Guida's Dairy breached its duty of care through its negligent operations, which allowed large quantities of a cleaning solvent to enter its milk cartons, thereby contaminating the milk that was eventually consumed by Plaintiffs and other New Jersey Student Class members.

42. In fact, Plaintiffs are entitled to a rebuttable presumption of Guida's Dairy's negligent conduct on a theory of *res ispa loquitor*, by virtue of the fact that, chemical cleaning agents are not naturally present in milk, and may only come to be present therein, but-for the negligent or intentional conduct of an outside actor.

43. As a direct and proximate result of the Defendant's negligent acts and/or omissions Defendant Guida's Dairy has caused damage to Plaintiffs and other New Jersey Student Class members in the form of bodily harm.

### COUNT TWO
### NEW JERSEY PRODUCTS LIABILTY ACT (N.J.S.A. 2A:58C-1, *et seq.*)
### As to All Defendants

44. Plaintiffs and the Classes incorporate each of the foregoing paragraphs as if set forth fully herein.

9

45. The New Jersey Products Liability Act (the "Act") provides, in relevant part, that:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

(N.J.S.A. § 2A:58C-2).

46. In other words, the Act makes a distinction between products liability claims arising from: (a) design defects, (b) warning defects, and (c) manufacturing defects.

47. A manufacturing defect exists if a product "deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae." N.J.S.A. § 2A:58C-2(a).

48. Clearly then, the contamination of the milk processed and/or packaged by Defendant Guida's Dairy, is a manufacturing defect as the milk ingested by the members of the New Jersey Student Class deviated from the "design specification, formulae, or performance standards" of Guida's Dairy or from "otherwise identical units", i.e. cartons of milk from other, uncontaminated batches.

49. As used in the Act, the term "manufacturer" is defined as:

> (1) any person who designs, formulates, produces, creates, makes, packages, labels or constructs any product or component of a product; (2) a product seller with respect to a given product to the extent the product seller designs, formulates, produces, creates, makes, packages, labels or constructs the product before its sale; (3) any product seller not described in paragraph (2) which holds itself out as a manufacturer to the user of the product; or (4) a United States domestic sales subsidiary of a foreign manufacturer if the foreign manufacturer has a controlling interest in the domestic sales subsidiary.

10

(<u>N.J.S.A.</u> § 2A:58C-8).

50. Subject to exceptions not applicable here, as used in the Act, the term "product seller" is defined as:

> any person who, in the course of a business conducted for that purpose: sells; distributes; leases; installs; prepares or assembles a manufacturer's product according to the manufacturer's plan, intention, design, specifications or formulations; blends; packages; labels; markets; repairs; maintains or otherwise is involved in placing a product in the line of commerce.

(<u>N.J.S.A.</u> § 2A:58C-8).

51. Under these definitions, Defendant Guida's Dairy is both a manufacturer and a product seller, and is thus, strictly liable under the Act for the defect, as Defendant Guida Dairy:

   a. "exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product which caused the injury, death or damage" (<u>N.J.S.A.</u> § 2A:58C-9(d)(1)); and,

   b. "knew or should have known of the defect in the product which caused the injury, death or damage or the plaintiff can affirmatively demonstrate that the product seller was in possession of facts from which a reasonable person would conclude that the product seller had or should have had knowledge of the alleged defect in the product which caused the injury, death or damage" (<u>N.J.S.A.</u> § 2A:58C-9(d)(2)); and

   c. "created the defect in the product which caused the injury, death or damage" (<u>N.J.S.A.</u> § 2A:58C-9(d)(3)).

52. Therefore, Defendant Guida's Dairy is strictly liable under the New Jersey Products Liability Act for the damages the manufacturing defect inherent in the contaminated milk caused Plaintiffs and other Class members.

11

## COUNT THREE
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### As to All Defendants

53. Plaintiffs and the Classes incorporate each of the foregoing paragraphs as if set forth fully herein.

54. Defendant Guida's Dairy owed a duty of care to the consumers of its milk products to ensure that the milk it processed and/or packaged, and subsequently released into the stream of commerce for consumption by the end consumer, was, in fact, safe for consumption.

55. Defendant Guida's Dairy breached this duty of care, as alleged, by failing to ensure that the milk it processed and/or packaged, and subsequently released into the stream of commerce for consumption by the end consumer, did not contain chemical cleaning agents and/or other contaminants.

56. As a direct and proximate result of Defendant Guida's Dairy's breach of their duty of care, Plaintiffs and other Class members were caused to ingest Guida's Dairy's contaminated milk, and become physically ill thereby.

57. Not only did this negligent breach by Guida's Dairy inflict bodily harm upon the members of the New Jersey Student Class, but the traumatizing ordeal caused by Guida's Dairy's breach also resulted in severe emotional distress to members of the New Jersey Student Class.

58. Similarly, this negligent breach by Guida's Dairy also inflicted severe emotional distress on members of the New Jersey Parents Class, as they feared for the safety and wellbeing of their children; not knowing, at first, whether their child had been effected, and if so, how serious the harm to their child truly was.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,

respectfully requests that this Court grant the following relief:

    A.    an order certifying this case as a class action pursuant to Fed. R. Civ. P. 23, appointing Plaintiffs as the named representatives of the Classes, and appointing their counsel of record as Class counsel;

    B.    a declaration that Defendant acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health and safety of Plaintiffs and the members of the Classes;

    C.    an award to Plaintiffs and Class members of compensatory and punitive damages, including interest, in an amount to be proven at trial.

    D.    an award of all reasonable costs and attorney's fees as permitted by law;

    E.    an award of pre-judgment and post-judgement interest, as provided by law; and

    F.    such other relief as this Court shall deem just and proper.

## VII. <u>JURY DEMAND</u>

Pursuant to F.R.C.P. 38(b), Plaintiffs, on behalf of themselves and the proposed Classes, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

| **LENTO LAW GROUP, P.C.** | **LENTO LAW GROUP, P.C.** |
|---|---|
| */s/ Joseph D. Lento* | */s/ Sam Jackson* |
| JOSEPH D. LENTO, ESQUIRE | SAMUEL D. JACKSON, ESQUIRE |
| **NJ State Bar No. 013252008** | **NJ State Bar No. 130452017** |
| LENTO LAW GROUP, P.C. | LENTO LAW GROUP, P.C. |
| jdlento@lentolawgroup.com | sdjackson@lentolawgroup.com |
| DATED: <u>April 1, 2022</u> | DATED: <u>April 1, 2022</u> |

# EXHIBIT "A"

# Connecticut Department of Agriculture

CT.gov Home (/) Department of Agriculture (/DOAG)

Connecticut Department of Agriculture Investigates Contaminated Milk Incident

Press Releases (/DOAG/Press-Room/Press-Releases)

Search Department of Agriculture

## Press Releases



03/31/2022

## Connecticut Department of Agriculture Investigates Contaminated Milk Incident

(STATEWIDE) The Connecticut Department of Agriculture (CT DoAg) Bureau of Regulatory Services is investigating an incident involving Guida's Dairy in New Britain, CT. The incident is regarding 1% low-fat half-pint milk cartons with a sell by date of APR 11 that contains diluted sanitizer.

The preliminary investigation report indicates that the actual issue is limited to milk within a specific time range of 4:30 and 7:30 and code stamped on the cartons. This milk had limited distribution in New Jersey.

However, out of an abundance of caution Guida's Dairy is asking all institutional customers possessing 1% low-fat half-pint milk cartons with a sell by date of APR 11 to dispose of the product. This guidance only applies to institutional customers. The affected product is not available at retail outlets for consumer purchase.

Guida's Dairy is cooperating fully with CT DoAg regulatory officials.

*The Connecticut Department of Agriculture mission is to foster a healthy economic, environmental, and social climate for agriculture by developing, promoting, and regulating agricultural businesses; protecting agricultural and aquacultural resources; enforcing laws pertaining to domestic animals; and promoting an understanding among the state's citizens of the diversity of Connecticut agriculture, its cultural heritage, and its contribution to the state's economy. For more information, visit* **www.CTGrown.gov (file:///C:/Users/EddyRe/AppData/Local/Microsoft/Windows/INetCache/Content.Outlook/FARMLAND**

###

**For Immediate Release:** Thursday, March 31, 2022
**Contact:** Rebecca Eddy, 860-573-0323, **Rebecca.Eddy@ct.gov (mailto:Rebecca.Eddy@ct.gov)**

**http://www.ctgrown.gov (http://www.ctgrown.gov/)**

**(www.facebook.com/connecticutgrown)** **(http://www.instagram.com/ct.grown)**