# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

------------------------------------- x

TIFFANEE GOULD, individually and on behalf of her minor son, A.J.;

DOMINIQUE WILSON, individually and on behalf of her minor daughter, A.J.;

DEBORAH POLLITT, individually and on behalf of her minor daughter, D.P.; and

On behalf of themselves and those similarly situated,

      Plaintiffs,

 v.

THE GUIDA-SEIBERT DAIRY COMPANY; JOHN DOES 1-10 (Fictitious Names); and ABC BUSINESS ENTITIES 1-10 (Fictitious Entities),

      Defendants.

------------------------------------- x

Case No.: 1:22-cv-01861-NLH-AMD

**Motion Date: July 18, 2022**

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**

Samuel D. Jackson, Esq.
**LENTO LAW GROUP, P.C.**
3000 Atrium Way, Suite 200
Mt. Laurel, NJ 08054
T: (856) 652-2000 x476
F: (856) 325-1010
sdjackson@lentolawgroup.com
*Attorneys for Plaintiffs*

i

## TABLE OF CONTENTS

Table of Authorities………………………………………………………………………………..ii

LEGAL ARGUMENT……………………………………………………………………….1

I.      Plaintiffs' Injury Allegations Do Not Require Individualized Determinations, as Each Class Shares Similar Damages Stemming From a Singular Cause…………………..……..1

II.     Plaintiffs' Proposed Classes Are Not "Fail-Safe" Classes…………………..…………4

III.    The Rules Enabling Act Is No Bar To Plaintiffs' Proposed Classes……………,,,,,,,…….5

IV.    Defendant's Motion Must Be Denied as Premature Because No Discovery Has Been Exchanged……………………………………………….…………………….6

CONCLUSION……………………………………………………………………………7

## TABLE OF AUTHORITIES

**Cases**

Amchem Prod., Inc. v. Windsor
521 U.S. 591 (1997)..…………………………………………………………………1, 2

Clark v. McDonald's Corp.
213 F.R.D. 198 (D.N.J. 2003) ………………………………………………………….6

Comcast Corp. v. Behrend
569 U.S. 27 (2013) ……………………………………………………………………..3

Gen. Tel. Co. of Sw. v. Falcon
457 U.S. 147 (1982) ……………………………………………………………………4

Georgine v. Amchem Prods.
83 F.3d 610 (3d Cir. 1996) ……………………………………………………………..2

Hayes v. Wal-Mart Stores, Inc.
75 F.4d 349 (3d Cir. 2013) ……………………………………………………………..4

In re General Motors Corp. Pick–Up Truck Fuel Tank Prods. Liability Litig.
55 F.3d 768 (3d Cir.1994) ……………………………………………………………...5

McPeak v. S-L Distribution Co.
2014 WL 4388562 (D.N.J. Sept. 5, 2014) ……………………………………………..6

Moore v. Primecare Med., Inc.
2020 U.S. Dist. LEXIS 45332 (W.D. Pa.) ………………………………………………………..4

Neale v. Volvo Cars of N Am., LLC
794 F.3d 353 (3d Cir. 2015) …………………………………………………………………….3

Niemczyk v. Pro Custom Solar LLC
2022 WL 884359 (D.N.J. Mar. 25, 2022) ………………………………………………………..6

Pilgrim v. Universal Health Card, LLC
660 F.3d 943 (6th Cir.2011) ……………………………………………………………………..6

Stoetzner v. United States Steel Corp.
897 F.2d 115 (3d Cir.1990) ………………………………………………………………………5

Sullivan v. DB Invs., Inc.
667 F.3d 273 (3d Cir. 2011). ……………………………………………………………………..2

Wal–Mart Stores, Inc. v. Dukes
–––– U.S. ––––, 131 S.Ct. 2541 (2011) ………………………………………………………….4

Walsh v. Great Atlantic & Pacific Tea Co.
726 F.2d 956 (3d Cir.1983). ………………………………………………………………………5

**Court Rules**

Fed. R. Civ. P. 23(a) ……………………………………………………………………………..4

Fed. R. Civ. P. 23(b)(3) …………………………………………………………………………..3

Fed. R. Civ. P. 23(d)(1)(D)………………………………………………………………………..7

Fed. R. Civ. P. 23(e)(2) …………………………………………………………………………..5

N.J. Ct. R. 4:44-3………………………………………………………………………………….5

**Other Authorities**

Furuya S, Chimed-Ochir O, Takahashi K, David A, Takala J. "Global Asbestos Disaster."
*Int J Environ Res Public Health*. 2018 May 16;15(5):1000. doi: 10.3390/ijerph15051000.
PMID: 29772681; PMCID: PMC5982039...………………………………………………………2

Resnik, From "Cases" to "Litigation," 54 *Law & Contemp. Prob.* 5,
(Summer 1991) ………………………………………………………………………......1

2 *W. Rubenstein, Newberg on Class Actions* § 4:54, p. 205 (5th ed. 2012)………………………3

# LEGAL ARGUMENT

### I. Plaintiffs' Injury Allegations Do Not Require Individualized Determinations, as Each Class Shares Similar Damages Stemming From a Singular Cause.

Defendant argues that Plaintiffs' injuries are so varied in nature and causation that Plaintiffs are not entitled to class certification. However, this claim completely disregards the facts as alleged in Plaintiffs' Complaint. Unlike an asbestos case, such as the one quoted by Defendant, where the Court denied class certification "due to the huge number of individuals and their varying medical expenses, smoking histories, and family situations," the causation issue here is quite simple: the children drank Defendant's tainted milk and were immediately hospitalized with resulting symptoms. Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 624–25 (1997). The number of children affected was not "huge" – believed at this time to be no more than 100; their medical expenses will all be in the same ballpark, since they all spent similar amounts of time in the hospital and received similar treatment (unlike an asbestos case, where one plaintiff might be minimally affected while another has a terminal illness); and none of the children are currently alleged to have any contributing medical conditions or family situations that might confound causation issues (the way a smoker might have more difficulty proving causation in an asbestos case).

Notably, Defendant cuts out some key analysis in the provided quote from Amchem Prod., Inc., *supra*. In the sentence Defendant excised, the Court states, "But the text of the Rule does not categorically exclude mass tort cases from class certification, and District Courts, since the late 1970's, have been certifying such cases in increasing number. See Resnik, From "Cases" to "Litigation," 54 *Law & Contemp. Prob.* 5, 17–19 (Summer 1991) (describing trend)." Id. at 625. Defendant did quote the key part of the analysis however, which is that Courts should exercise caution in awarding class certification "when individual stakes are high and disparities

1

among class members great." Id. Without minimizing the suffering of any of the Plaintiffs, the stakes in this case are nowhere near as high as those in asbestos cases like Amchem Prod., Inc., *supra*, given that asbestos was estimated to have caused over a quarter million deaths each year.[1] And the disparities among class members are virtually non-existent, given that the causation and injuries for all members of each class are virtually identical, with only minor variations.

While it is true that "the commonality barrier is higher" when the complaint "seeks to resolve all issues, including **noncommon issues**, of liability and damages," here, the issues of liability and damages are not "noncommon issues" since they are shared across each class. Georgine v. Amchem Prods., 83 F.3d 610, 627 (3d Cir. 1996) (underlining in original, bold emphasis added). As the Third Circuit has explained, the focus of the inquiry is on "whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." Sullivan v. DB Invs., Inc., 667 F.3d 273, 298 (3d Cir. 2011).

To address the arguments raised in District Court opinions, opinions from other jurisdictions, and/or unpublished opinions cited by Defendant, even though all of these cases have no precedential value, it is worth noting several points. First, as described above, there is far less variation here regarding damages than in most other mass tort cases, and all the Plaintiffs' damages stem from a singular cause: the Defendant's negligent inclusion of poisonous chemicals in the children's milk.

Second, unlike other cases involving dangerous chemicals, the levels of exposure here are much more consistent; none of the children are believed to have consumed more than, at most, a single, half-pint carton of the tainted milk.

---

[1] Furuya S, Chimed-Ochir O, Takahashi K, David A, Takala J. "Global Asbestos Disaster." *Int J Environ Res Public Health*. 2018 May 16;15(5):1000. doi: 10.3390/ijerph15051000. PMID: 29772681; PMCID: PMC5982039.

Third, it is not expected that individualized expert testimony will be needed to explain each Plaintiff's individual symptoms and treatment; rather, one expert can testify generally about the expected symptoms and treatment associated with consumption of the contaminated milk, and the jury can then award damages based on the evidence of such symptoms and treatment presented by each class. However, even if individualized damages awards are ultimately needed, those can be made in separate damages trials or other proceedings, without denying class certification relating to the shared issues of fact and law present here. Neale v. Volvo Cars of N Am., LLC, 794 F.3d 353, 374-75 (3d Cir. 2015) ("In sum, and as explained by the Fifth Circuit, it is "a misreading of Comcast " to interpret it as "preclud[ing] certification under Rule 23(b)(3) in any case where the class members' damages are not susceptible to a formula for classwide measurement."); see Id. at n.10; Comcast Corp. v. Behrend, 569 U.S. 27, 42, 133 S. Ct. 1426, 1437, 185 L. Ed. 2d 515 (2013) ("Recognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal. See 2 *W. Rubenstein, Newberg on Class Actions* § 4:54, p. 205 (5th ed. 2012) (ordinarily, "individual damage[s] calculations should not scuttle class certification under Rule 23(b)(3)"). Legions of appellate decisions across a range of substantive claims are illustrative.")

Fourth, it is not realistic to expect Defendant to present evidence of prior medical conditions causing individual Plaintiff's injuries that rebuts Plaintiffs' *prima facie* case and requires individualized causation determination. Over 60 children were simultaneously hospitalized with the same set of symptoms after drinking tainted milk; is Defendant seriously suggesting they intend to try to persuade the jury that one or two of the children might have already had an upset stomach and that *those* children just had to visit the hospital by coincidence, right after drinking the same milk that hospitalized the rest? Regardless, unlike the cases cited by

3

Defendant, there has been no evidence produced in discovery indicating that any of these issues will present a significant barrier to class certification (as discovery has not yet commenced), so Defendant's Motion must be denied. *See* **Section IV**, *infra*.

## II.     Plaintiffs' Proposed Classes Are Not "Fail-Safe" Classes.

If courts applied the "fail-safe" analysis in the overly broad manner that Defendant proposes, then class certifications would be struck in every single case. The 3rd Circuit has held that for a class to be ascertainable, it simply needs to be defined with reference to "objective criteria," with a "reliable and administratively feasible mechanism" to determine whether proposed class members fit within a particular class. Hayes v. Wal-Mart Stores, Inc., 75 F.4d 349, 354-55 (3d Cir. 2013) ("[Class] certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' **Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.**" Wal–Mart Stores, Inc. v. Dukes, —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (citations omitted) (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).") (Emphasis added.)

Here, the criteria set forth in Plaintiffs' proposed classes are objective standards that meet the Third Circuit's standard for ascertainable classes set forth in Hayes, *supra*. *See also*, Moore v. Primecare Med., Inc., 2020 U.S. Dist. LEXIS 45332, *9 (W.D. Pa.) (Holding that **the proposed class was ascertainable** and not a "fail-safe" class when the class was defined as "other employees holding "comparable" positions **who are "entitled" to damages as required by law**," because the proposed class could be "ascertained by documents maintained by Defendant that show which therapists worked in excess of 40 hours a week within the class period.") (Emphasis added.) Plaintiffs' proposed classes can likewise be determined by objective

4

criteria: the students that school and hospital records show were affected with the symptoms named in Plaintiffs' complaint on the date of incident, and the parents of those students. Individualized "mini-trials" into causation need not be conducted in order to certify such classes.

In the event that the Court does find that Plaintiffs' class definitions are "fail-safe" classes, then Plaintiffs ought to be permitted to make whatever grammatical adjustments are necessary to bring their class definitions in line with this rule.

### III. The Rules Enabling Act Is No Bar To Plaintiffs' Proposed Classes.

Defendant argues that Plaintiffs' class certification must be struck because the Court might eventually need to first provide its approval for a settlement and "determine whether the settlement is fair and reasonable as to its amounts and terms." N.J. Ct. R. 4:44-3. However, the Court will need to provide its approval of any settlement and make such a determination *anyway*, as part of the ordinary class action procedure. Fed. R. Civ. P. 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate…"); *see also,* In re General Motors Corp. Pick–Up Truck Fuel Tank Prods. Liability Litig., 55 F.3d 768, 785 (3d Cir.1994); Stoetzner v. United States Steel Corp., 897 F.2d 115, 118 (3d Cir.1990); Walsh v. Great Atlantic & Pacific Tea Co., 726 F.2d 956, 965 (3d Cir.1983).

As set forth in **Section I**, *supra*, highly individualized analyses are not needed when evaluating Plaintiffs' proposed classes. If the Court determines that Guardian Ad Litems must be appointed for the named plaintiffs and/or the absent members of the Student Class prior to class certification, then Plaintiffs and/or the Court will make such appointments, as appropriate, which will cure any potential procedural deficiencies that may exist on those grounds. Further, as set

forth in in **Section I**, *supra*, it is permissible to certify a class on liability and hold individualized proceedings on the remaining matters, if need be.

   IV.   **Defendant's Motion Must Be Denied as Premature Because No Discovery Has Been Exchanged.**

Defendant's Motion is premature because it is predicated on factual issues that will not be brought to light until the parties exchange discovery. Prior to the exchange of discovery, a motion to strike class allegations may only be granted "…where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Clark v. McDonald's Corp., 213 F.R.D. 198, 205 (D.N.J. 2003). However, such cases are "rare." Id. As explained above, the arguments Defendant has made regarding class certification are all highly fact specific, so Defendant's Motion must be denied.

As this Court has previously noted, "It is only when **no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23**, that a motion to strike class allegations should be granted. Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir.2011). Otherwise, in order for a district court to engage in the 'rigorous analysis' required to determine if certification is proper, an early motion to strike should be denied so that the court can 'probe behind the pleadings before coming to rest on the certification question,' after discovery has taken place. Id." McPeak v. S-L Distribution Co., 2014 WL 4388562, at *4 (D.N.J. Sept. 5, 2014) (emphasis added).

Here, Plaintiffs' complaint adequately sets forth its class allegations, and Defendant has not shown that no amount of discovery could rehabilitate it or that the class treatment is inappropriate based on the face of the complaint and incontrovertible facts. Niemczyk v. Pro Custom Solar LLC, 2022 WL 884359, at *4 (D.N.J. Mar. 25, 2022) ("A court should grant a motion to strike class allegations only if the inappropriateness of class treatment is evident from

the face of the complaint and from incontrovertible facts… [C]ourts rarely grant motions to strike under Rule 23(d)(1)(D) prior to class discovery ... doing so only where no amount of additional class discovery will alter the conclusion that the class is not maintainable. A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly.") (Internal citations omitted.) Therefore, Defendant's Motion must be denied.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion be denied in its entirety, together with such other and further relief this Court may deem just and proper.

Dated: July 5, 2022

Respectfully submitted,

**LENTO LAW GROUP, P.C.**

By: *[signature]*

Samuel D. Jackson, Esq.
*Attorney for Plaintiffs*

7