## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TIFFANEE GOULD, individually and on
behalf of her minor son, A.J. *et al.*,

                Plaintiffs,

     v.

THE GUIDA-SEIBERT DAIRY COMPANY
*et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 1:22-cv-01861-NLH-AMD

**Motion Date: July 18, 2022**

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

Philip A. Goldstein
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
*pagoldstein@mcguirewoods.com*

James F. Neale (admitted *pro hac vice*)
Benjamin P. Abel (admitted *pro hac vice*)
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
323 Second St. S.E., Suite 700
Charlottesville, VA 22902
(434) 977-2500
*jneale@mcguirewoods.com*
*babel@mcguirewoods.com*

*Attorneys for Defendant The Guida-Seibert Dairy Company*

# **<u>TABLE OF CONTENTS</u>**

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ..................................................................................1

ARGUMENT ........................................................................................2

I.    PLAINTIFFS CANNOT PLEAD SUBSUMED CAUSES OF ACTION. ........................................................................................2

II.    EVEN IF NOT SUBSUMED, PLAINTIFFS' NIED CLAIMS FAIL AS A MATTER OF LAW........................................................................4

    A.    The Students Did Not Suffer Severe Emotional Distress. ...................7

    B.    The Parents' Indirect NIED Claim Similarly Fails to State a Claim. .........................................................................................9

        1.    The Parents Did Not Observe Serious Injury At the Scene.......9

        2.    The Students Did Not Die or Suffer Serious Physical Injury ...............................................................................10

        3.    The Parents Do Not Allege Cognizable Emotional Distress ...........................................................................13

III.    Plaintiffs Fail to Make Any Allegations Supporting Their Prayer for Punitive Damages. ..........................................................................13

CONCLUSION ....................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Becker v. Smith & Nephew, Inc.*,
No. 15-2538 (WHW)(CLW), 2015 U.S. Dist. LEXIS 102385
(D.N.J. Aug. 5, 2015).................................................................................12

*Boryszewski v. Burke*,
882 A.2d 410 (N.J. Super. Ct. App. Div. 2005) .....................................8

*Celestin v. W. Deptford Twp.*,
No. 15-7608, 2016 U.S. Dist. LEXIS 134044 (D.N.J. Sept. 29,
2016) (Hillman, J.)....................................................................................5

*Clements v. Sanofi-Aventis, U.S., Inc.*,
111 F. Supp. 3d 586 (D.N.J. 2015).........................................................2

*Collick v. William Paterson Univ.*,
No. 16-471 (KM) (JBC), 2016 U.S. Dist. LEXIS 160359 (D.N.J.
Nov. 17, 2016) .........................................................................................6

*D'Angelo v. Ocwen Loan Servicing, LLC*,
No. A-4195-14T2, 2017 N.J. Super. Unpub. LEXIS 438 (N.J.
Super. Ct. App. Div. Feb. 23, 2017) .......................................................8

*Desai v. Sorin CRM USA, Inc.*,
No. 12-2995, 2013 U.S. Dist. LEXIS 5795 (D.N.J. Jan. 15, 2013) ...................12

*Frame v. Kothari*,
560 A.2d 675 (N.J. 1989) ......................................................................11

*Gillman v. Rakouskas*,
No. 16-4619, 2017 U.S. Dist. LEXIS 10835 (D.N.J. Jan. 26, 2017) ................14

*Gok v. Ports Am., Inc.*,
No. 15-3468 (SRC), 2015 U.S. Dist. LEXIS 108636 (D.N.J. Aug.
17, 2015) ..................................................................................................6

*Hindermyer v. B. Braun Med. Inc.*,
419 F. Supp. 3d 809 (D.N.J. 2019)..........................................................4

*Hinton v. Meyers*,
3 A.3d 601 (N.J. Super. Ct. App. Div. 2010) ........................................................9

*Hottenstein v. City of Sea Isle City*,
No. 11-740 (JEI/JS), 2011 U.S. Dist. LEXIS 92317 (D.N.J. Aug.
18, 2011) ........................................................................................................10

*Hurst v. LNK Int'l, Inc.*,
No. 20-1242(SDW)(LDW), 2020 U.S. Dist. LEXIS 107156
(D.N.J. June 18, 2020) ............................................................................10, 15

*Indian Brand Farms v. Novartis Crop Prot., Inc.*,
890 F. Supp. 2d 534 (D.N.J. 2012) (Hillman, J.) ................................................4

*J.L.D. v. Estate of Gannon*,
No. 15-386 (KM), 2016 U.S. Dist. LEXIS 100312 (D.N.J. July 29,
2016) ..............................................................................................................8

*Lax v. City of Atl. City*,
No. 1:19-cv-7036-NLH-AMD, 2019 U.S. Dist. LEXIS 221510
(D.N.J. Dec. 27, 2019) (Hillman, J.) ..............................................................5

*M.H. v. C.M.*,
No. 3:20-cv-01807 (BRM) (TJB), 2020 U.S. Dist. LEXIS 199534
(D.N.J. Oct. 27, 2020) ............................................................................6, 8

*Nagy v. Goodyear Tire & Rubber Co.*,
No. 12-4235 (MAS) (DEA), 2013 U.S. Dist. LEXIS 45147 (D.N.J.
Mar. 28, 2013) ..........................................................................................3, 4

*Peteete v. Asbury Park Police Dep't*,
No. 09-1220 (MLC), 2010 U.S. Dist. LEXIS 131360 (D.N.J. Dec.
13, 2010) ..............................................................................................6, 7, 8

*Petrosino v. Ventrice*,
No. A-0020-13T1, 2015 N.J. Super. Unpub. LEXIS 2070 (N.J.
Super Ct. App. Div. Aug. 27, 2015), *cert. denied*, 130 A.3d 1246
(N.J. 2016) ......................................................................................6, 11, 12

*Port Auth. of N.Y. & N.J. v. Arcadian Corp.*,
189 F.3d 305 (3d Cir. 1999) ....................................................................2, 4

*Portee v. Jaffee*,
   417 A.2d 521 (N.J. 1980) ............................................................9, 10, 11, 12, 13

*Saponaro v. Grindr, LLC*,
   93 F. Supp. 3d 319 (D.N.J. 2015) ..........................................................6

*Simons v. Goodyear Dunlop Tires N. Am., Ltd.*,
   No. 10-4979 (SRC), 2010 U.S. Dist. LEXIS 134754 (D.N.J. Dec.
   20, 2010) ................................................................................................3

*Smith v. Covidien LP*,
   No. 1:19-cv-11981-NLH-AMD, 2019 U.S. Dist. LEXIS 223372
   (D.N.J. Dec. 31, 2019) (Hillman, J.).....................................................4

*Estate of Smith v. Riley*,
   No. 14-7247 (NLH)(KMW), 2016 U.S. Dist. LEXIS 77790 (D.N.J.
   June 15, 2016) (Hillman, J.) ............................................................5, 10

*In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales
   Pracs., & Prods. Liab. Litig.*,
   No. 4:20-MD-02936-SRB, 2022 U.S. Dist. LEXIS 41477 (W.D.
   Mo. Mar. 9, 2002)..................................................................................2

*Tassel v. Ocean Cnty.*,
   No. 16-4761-BRM-TJB, 2017 U.S. Dist. LEXIS 190953 (D.N.J.
   Nov. 17, 2017) .............................................................................6, 8, 13

*Thomas-Fish v. Avborne Accessory Grp., Inc.*,
   No. 18-1195-MN-SRF, 2019 U.S. Dist. LEXIS 16329 (D. Del.
   Feb. 1, 2019) ........................................................................................14

*Turner v. Wong*,
   832 A.2d 340 (N.J. Super. Ct. App. Div. 2003) ....................................8

*Woodruff v. Hamilton Twp. Pub. Schs.*,
   No. 06-3815(NLH), 2008 U.S. Dist. LEXIS 29304 (D.N.J. Apr. 8,
   2008) (Hillman, J.)................................................................................5

**Statutes**

New Jersey Products Liability Act ..............................................................1, 2, 3, 4

**Other Authorities**

Fed. R. Civ. P. 8 ...............................................................................3, 4, 12

Fed. R. Civ. P. 8(a) ....................................................................................3

Fed. R. Civ. P. 11 ....................................................................................14

Fed. R. Civ. P. 11(b) ...............................................................................12

Fed. R. Civ. P. 11(b)(3) ...........................................................................15

Fed. R. Civ. P. 12 ......................................................................................5

Fed. R. Civ. P. 12(b)(6) ...........................................................6, 13, 14, 15

Fed. R. Civ. P. 12(c) ................................................................................10

## **INTRODUCTION**

This is a simple products liability case with fortunately temporary injuries. Plaintiffs filed a personal injury class action Complaint only two days after a group of students allegedly drank from milk cartons (the "Product") containing pasteurized water and diluted, food-grade sanitizer (the "Incident"). Plaintiffs' hurried Complaint seeks punitive damages without legal footing or factual support. Now, confronted with a motion to dismiss, Plaintiffs promise that amendment or discovery will cure the myriad of pleading deficiencies[1] they implicitly concede.[2]

But neither discovery nor amendment can overcome the preclusive effect of the New Jersey Products Liability Act ("NJPLA"). Plaintiffs' negligence and NIED claims are subsumed and must be dismissed. Separately, Plaintiffs' NIED claims lack the factual allegations New Jersey law requires. No discovery or amendment would enable Plaintiffs to allege the following requirements of an NIED claim: severe enough, present emotional distress (as to either the students or parents); in reaction to death or serious physical injury; and the parents' physical presence at the schools to observe the harm allegedly caused. Without these allegations, there simply is no direct or indirect NIED claim. Similarly, Plaintiffs' prayer for punitive

---

[1] Plaintiffs concede that the individual parent Plaintiffs and the Parent Class do not assert their own claims under the NJPLA. (ECF 20 at 13, n.1.)

[2] Plaintiffs conservatively argue over a dozen times in their opposition that liberal amendment and/or future fact discovery should cure their deficient claims. Neither can do so.

damages fails because they do not even attempt to allege Guida's actual malice or willful and wanton disregard (nor could they allege it going forward).

This Court should dismiss Plaintiffs' negligence and NIED counts and prayer for punitive damages, allowing only the students' NJPLA claims to proceed.

<u>**ARGUMENT**</u>

## I.     **PLAINTIFFS CANNOT PLEAD SUBSUMED CAUSES OF ACTION.**

New Jersey intended for the NJPLA to be the sole remedy in products liability cases, subsuming common law causes of action like Plaintiffs' negligence and NIED claims that allege injury from a product.  Plaintiffs concede this, admitting that the NJPLA "encompass[es] virtually all possible causes of action relating to harms caused by consumer and other products." (ECF 20 at 12 (citation omitted).)  Indeed, common law causes of action sounding in products liability, such as Plaintiffs' negligence and NIED claims, no longer exist in New Jersey.  *See Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999) ("Under New Jersey law negligence is no longer viable as a separate claim for harm caused by a defective product." (citation omitted)); *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) ("In short, those former common-law causes of action (with the exception of breach of express warranty) have merged into a single cause of action under the PLA."); *see also In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 4:20-MD-02936-SRB, 2022 U.S.

Dist. LEXIS 41477, at *84-86 (W.D. Mo. Mar. 9, 2002) (interpreting New Jersey law, collecting cases, and dismissing causes of action as subsumed by NJPLA when the "core issue" in the litigation was the "potential injury arising as a consequence of the products' [alleged defects]" (quoting *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 704 (D.N.J. 2011) (brackets in original)).

Courts long ago ruled, unequivocally, against Plaintiffs' misplaced argument that causes of action subsumed by the NJPLA can be pleaded in the alternative—Rule 8 simply is no safe harbor, even at the motion to dismiss stage:

> While the court acknowledges that pleading in the alternative is generally permitted, Plaintiff's alternative pleading cannot survive in the present case due to the NJPLA. If the Court permitted the alternative pleading in the manner attempted by Plaintiff, it would 'contravene the NJPLA's intent to provide a single statutory products liability claim.'

*Nagy v. Goodyear Tire & Rubber Co.*, No. 12-4235 (MAS) (DEA), 2013 U.S. Dist. LEXIS 45147, at *6-7 (D.N.J. Mar. 28, 2013) (quoting *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 493 (3d Cir. 1991)); *see also Simons v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 10-4979 (SRC), 2010 U.S. Dist. LEXIS 134754, at *5 (D.N.J. Dec. 20, 2010) ("[The NJPLA] clearly implies that a complaint may contain only a single statutory products liability claim. Thus, regardless of their status under Rule 8(a), the four claims at issue are not valid.").

Here, Plaintiffs allege injury caused by a product.[3]  The NJPLA plainly applies to Plaintiffs' Complaint. As a result, their negligence and NIED claims are "no longer viable." *See Port Auth.*, 189 F.3d at 313. While Rule 8 may allow alternative (and even contradictory) pleading, it does so only to the extent those alternatives are independently viable, which Plaintiffs' negligence and NIED claims are not. To allow them would "contravene" the clear intent of the New Jersey Legislature, *see Nagy*, 2013 U.S. Dist. LEXIS 45147, at *6-7, which is to make the NJPLA the sole cause of action available in a products liability case.

As such, any amendment would be futile.  *See, e.g.*, *Smith v. Covidien LP*, No. 1:19-cv-11981-NLH-AMD, 2019 U.S. Dist. LEXIS 223372, at *30 n.7 (D.N.J. Dec. 31, 2019) (Hillman, J.); *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 831 (D.N.J. 2019); *Indian Brand Farms v. Novartis Crop Prot., Inc.*, 890 F. Supp. 2d 534, 552 (D.N.J. 2012) (Hillman, J.).  This Court should dismiss Plaintiffs' NIED and negligence claims with prejudice.

## II.    EVEN IF NOT SUBSUMED, PLAINTIFFS' NIED CLAIMS FAIL AS A MATTER OF LAW.

Assuming *arguendo* Plaintiffs' NIED claims are not entirely subsumed by the NJPLA, which they are, Plaintiffs plead no facts supporting either direct or indirect

---

[3] Plaintiffs' Opposition speculates that "this Court may find that the NJPLA does not apply to all claimants," (ECF 20 at 13) but fails to suggest how the NJPLA might not apply.  (*See* ECF 1 at ¶¶ 5-10, 13, 27.)  Any effort to do so would be unavailing. Plaintiffs allege a harm for which only the NJPLA provides a potential remedy.

NIED claims.  Guida's memorandum in support cites many cases supporting dismissal based on this argument.  (ECF 10-1 at 8-15.)  Plaintiffs claim that most of these cases differ procedurally and that neither of the two Rule 12 cases Guida's cites is "in [any] way controlling upon this Court."  (ECF 20 at 15 & n.2.)

Plaintiffs apparently fail to recognize that one of the two cases Guida's cites dismissing an NIED claim at the Rule 12 stage was decided by this very Court.  *See Estate of Smith v. Riley*, No. 14-7247 (NLH)(KMW), 2016 U.S. Dist. LEXIS 77790, at *18-19 (D.N.J. June 15, 2016) (Hillman, J.).  While, in the most charitable sense, this case is not controlling, it certainly supports Guida's motion to dismiss.  Plaintiffs attempt neither to distinguish the facts of, nor to explain any error they may believe this Court committed in deciding, *Estate of Smith*.  Nor do Plaintiffs attempt to convince this Court that it was mistaken in deciding other cases dismissing NIED claims at this stage.  *See, e.g.*, *Lax v. City of Atl. City*, No. 1:19-cv-7036-NLH-AMD, 2019 U.S. Dist. LEXIS 221510, at *11 (D.N.J. Dec. 27, 2019) (Hillman, J.); *Celestin v. W. Deptford Twp.*, No. 15-7608 (NLH/KMW), 2016 U.S. Dist. LEXIS 134044, at *42-43 (D.N.J. Sept. 29, 2016) (Hillman, J.); *Woodruff v. Hamilton Twp. Pub. Schs.*, No. 06-3815(NLH), 2008 U.S. Dist. LEXIS 29304, at *16-17 (D.N.J. Apr. 8, 2008) (Hillman, J.).

Similarly, Plaintiffs make no attempt to explain how they differ from the scores of similarly-situated New Jersey NIED plaintiffs who failed to plead

"emotional distress with scalpel-like precision and granularity," (ECF 20 at 16), and whose claims were accordingly dismissed. *See, e.g.*, *M.H. v. C.M.*, No. 3:20-cv-01807 (BRM) (TJB), 2020 U.S. Dist. LEXIS 199534, at *33-34 (D.N.J. Oct. 27, 2020) (granting motion to dismiss NIED claim failing to allege reasonable fear of immediate physical injury or the observation of the death or serious injury of close family member); *Tassel v. Ocean Cnty.*, No. 16-4761-BRM-TJB, 2017 U.S. Dist. LEXIS 190953, at *25-27 (D.N.J. Nov. 17, 2017) (accord); *Collick v. William Paterson Univ.*, No. 16-471 (KM) (JBC), 2016 U.S. Dist. LEXIS 160359, at *76-77 (D.N.J. Nov. 17, 2016) (accord); *Gok v. Ports Am., Inc.*, No. 15-3468 (SRC), 2015 U.S. Dist. LEXIS 108636, at *9 (D.N.J. Aug. 17, 2015) (accord); *Saponaro v. Grindr, LLC*, 93 F. Supp. 3d 319, 325-26 (D.N.J. 2015) (dismissing NIED claim pursuant to Rule 12(b)(6)); *Peteete v. Asbury Park Police Dep't*, No. 09-1220 (MLC), 2010 U.S. Dist. LEXIS 131360, at *37-38 (D.N.J. Dec. 13, 2010) (dismissing NIED claim alleging merely "humiliation, mental anguish, and emotional distress"); *Petrosino v. Ventrice*, No. A-0020-13T1, 2015 N.J. Super. Unpub. LEXIS 2070, at *33-34 (N.J. Super Ct. App. Div. Aug. 27, 2015) (per curium) (affirming dismissal because parents' fears of future injuries or death of children failed to satisfy *Portee v. Jaffee*, 417 A.2d 521 (N.J. 1980)), *cert. denied*, 130 A.3d 1246 (N.J. 2016).

In addition to being subsumed, Plaintiffs' NIED claims are deficient. Therefore, the Court should dismiss the NIED claims.

A.   ***The Students Did Not Suffer Severe Emotional Distress.***

Plaintiffs' direct NIED claim fails because they do not allege the students suffered sufficiently genuine and substantial emotional distress or mental harm to an average person.  Instead, the Complaint merely alleges in conclusory fashion that the Incident was a "traumatizing ordeal" that "resulted in severe emotional distress." (ECF 1 at ¶ 57.)  In their Opposition, Plaintiffs argue that:

> [I]t can reasonably be inferred that elementary school-aged children would be severely and irreparably traumatized by a school-wide announcement that they just drank poison, and that school personnel are scrambling to coordinate emergency services and transport to a hospital. . . . This would understandably instill fear in the average adult, let alone a vulnerable child.

(ECF 20 at 18.)  But Plaintiffs make no such allegations in their Complaint.  The Complaint alleges no in-school announcement.  It alleges no admission by the school (or anyone else) that children ingested "poison."  It alleges no personnel "scrambling to coordinate emergency services." And it does not allege that any student suffered any "fears" or "trauma" because of the Incident.  (*See generally id.* & ECF 1)

In *Peteete*, the court dismissed the NIED claim where the plaintiff alleged "humiliation, mental anguish, and emotional distress" because of defendant's conduct.   2010 U.S. Dist. LEXIS 131360, at *37.   The court held that such generalized, conclusory allegations were "'insufficient as a matter of law to support

a finding of severe emotional distress that no reasonable person could be expected to endure.'" *Id.* (quoting *Turner v. Wong*, 832 A.2d 340, 347 (N.J. Super. Ct. App. Div. 2003));[4] *see also M.H.*, 2020 U.S. Dist. LEXIS 199534, at *34 n.10 (holding "mental anguish and panic attacks" lacking in severity and too speculative); *Tassel*, 2017 U.S. Dist. LEXIS 109053, at *26 (granting motion to dismiss, in part, when allegations of "fear" and "shock" were too speculative and lacking in severity). Similarly, in *J.L.D. v. Estate of Gannon*, No. 15-386 (KM), 2016 U.S. Dist. LEXIS 100312 (D.N.J. July 29, 2016), the court dismissed the NIED claim when the plaintiff alleged "anxiety, sleep loss, lack of trust, damaged relationships, tinnitus, headaches, and the like." *Id.* at *68-69; *see also id.* at *69 (collecting cases).

Plaintiffs' allegations of a "traumatic ordeal" that "resulted in severe emotional distress" are far too generalized, speculative, and lacking in severity to state a cognizable claim for NIED.  While still insufficient as a matter of law, the *Peteete*, *M.H.*, *Tassel*, and *J.L.D.* plaintiffs at least alleged specific symptoms, such

---

[4] The *Peteete* court's citation to *Turner* (an IIED) case highlights Plaintiffs' misunderstanding of New Jersey law when they claim that "[t]he emotional distress element of NIED is a significantly lower threshold pleading requirement than that of NIED's counterpart, Intentional Infliction of Emotional Distress." (ECF 20 at 17.)  New Jersey's courts are quite clear: the emotional distress required for each tort is identical.  *See, e.g.*, *Boryszewski v. Burke*, 882 A.2d 410, 433-34 (N.J. Super. Ct. App. Div. 2005); *D'Angelo v. Ocwen Loan Servicing, LLC*, No. A-4195-14T2, 2017 N.J. Super. Unpub. LEXIS 438, at *20-21 (N.J. Super. Ct. App. Div. Feb. 23, 2017) ("The same level of emotional distress required for an intentional infliction of emotional distress claim is required to sustain a claim for negligent infliction of emotional distress.").

as humiliation, panic attacks, shock, anxiety, sleep loss, tinnitus, and headaches. Even then, New Jersey courts dismissed those plaintiffs' NIED claims.   Here, Plaintiffs allege far less.  They make only fleeting and general references to alleged trauma and emotional distress.  These allegations do not suffice as a matter of law, as judge after judge has ruled at the motion to dismiss stage.

### B.   *The Parents' Indirect NIED Claim Similarly Fails to State a Claim.*

The parents' indirect NIED claim also fails because, in addition to failing to allege severe emotional distress, Plaintiffs fail to allege that the parents witnessed the ingestion of the Product, and that the students suffered death or severe physical injury. *See Portee v. Jaffee*, 417 A.2d 521, 527-28 (N.J. 1980) (discussing elements of indirect (or "bystander") NIED claim); *see also* ECF 10-1 at 11-15.   Guida's addresses each of these pleading failures below.

### 1.    The Parents Did Not Observe Serious Injury At the Scene

Plaintiffs appear to argue that the parents' presence at the time the students ingested the Product is not required so long as they eventually observed physical symptoms.  (ECF 20 at  22-24.)  This is incorrect.  To advance a NIED claim, New Jersey requires that a parent or guardian actually witness the death or serious physical injury of a loved one at the scene; later learning about or viewing suffering does not suffice.  *See, e.g.*, *Hinton v. Meyers*, 3 A.3d 601, 605 (N.J. Super. Ct. App. Div. 2010).

9

This Court held in *Estate of Smith* that a plaintiff failed to state a claim for NIED after watching her daughter suffer and ultimately die because the plaintiff was not present when the defendant doctor misdiagnosed the decedent.  2016 U.S. Dist. LEXIS 77790, at *18-22 (Hillman, J.).  Similarly, in *Hurst v. LNK Int'l, Inc.*, No. 20-1242(SDW)(LDW), 2020 U.S. Dist. LEXIS 107156 (D.N.J. June 18, 2020), the court granted a motion to dismiss the NIED claim because plaintiffs did not witness the defendant pharmacy recommend the drug that later caused the subject's seizures. *Id.* at *3-5 (also dismissing the plaintiff's punitive damages claim); *see also Hottenstein v. City of Sea Isle City*, No. 11-740 (JEI/JS), 2011 U.S. Dist. LEXIS 92317, at *9-11 (D.N.J. Aug. 18, 2011) (dismissing NIED claim pursuant to Rule 12(c) when plaintiffs were not present when the decedent fell off dock and died).

Plaintiffs fail to allege the parents were present at the schools when their students allegedly ingested the Product.  Instead, Plaintiffs allege that the parents and guardians learned of the Incident second-hand and may have subsequently witnessed their students exhibiting gastro-intestinal discomfort.  (*See* ECF 1 at ¶¶ 17-18, 21.)  These allegations are legally insufficient under *Portee*. This Court should dismiss Plaintiffs' indirect NIED claim.

### 2.    The Students Did Not Die or Suffer Serious Physical Injury

Plaintiffs' indirect NIED claim also fails because the students did not die or suffer serious physical injury.  In their opposition, Plaintiffs attempt to circumvent

their obligations to plead this element of an indirect NIED claim, lamenting Guida's audacity in requiring them to "play doctor" and guess what might happen at some unforetold time in the future.  (ECF 20 at 20.)  Instead, Plaintiffs profess an inability "at this very early stage of litigation"[5] to allege whether students died or suffered serious physical injury after ingesting the Product, given their "limited knowledge," (*Id.* at 16, 20) arguing that they need discovery to learn their own students' physical condition, and that they cannot know what physical injuries might later theoretically manifest.  (*Id.* at 15, 18, 20.)

These arguments fail as a matter of law.  *Portee* requires death or serious physical injury to state a claim for indirect NIED.  417 A.2d at 527-28; *see also Frame v. Kothari*, 560 A.2d 675, 678 (N.J. 1989) (citation omitted) (defining serious physical injury as things "such as bleeding, traumatic injury, and cries of pain").  Moreover, fear of a loved one suffering future, speculative death or serious physical injury is insufficient.  *Petrosino*, 2015 N.J. Super. Unpub. LEXIS 2070, at *33-34.  In *Petrosino*, the New Jersey appeals court affirmed dismissal of a NIED claim where the plaintiffs "did not state a *Portee* claim under our law" when learning

---

[5] Plaintiffs conveniently ignore that, as the masters of their claim, they alone made the decision to race to the courthouse and file suit less than two days after the Incident without any identifiable, serious physical or emotional injuries to actually allege in their Complaint.  (*See generally* ECF 1.)

withheld information "put [them] in fear of potential injury or death to their children." *Id.*

Finally, Plaintiffs' attempt to paper over deficiencies by speculating about what discovery (of their own injuries, no less) might later show. This too fails. *See, e.g.*, *Becker v. Smith & Nephew, Inc.*, No. 15-2538 (WHW)(CLW), 2015 U.S. Dist. LEXIS 102385, at *8 (D.N.J. Aug. 5, 2015) ("But a plaintiff must successfully plead a claim before obtaining discovery, not the other way around. Such a premature request for discovery conflicts with Rules 8 and 11(b) of the Federal Rules of Civil Procedure."); *Desai v. Sorin CRM USA, Inc.*, No. 12-2995, 2013 U.S. Dist. LEXIS 5795, at *18 (D.N.J. Jan. 15, 2013) (accord).

Their protests to the contrary notwithstanding, Plaintiffs do not need discovery to determine whether students died or suffered serious physical injury after ingesting the Product. Plaintiffs know that their students did neither. (*See generally* ECF 1.) Nor do Plaintiffs' speculative fears of future death or serious physical injury satisfy the elements of a properly pleaded indirect NIED claim under *Portee*. Instead, Plaintiffs' arguments that the students might suffer some serious physical injury at some future time, which they purportedly need discovery to learn, serves to merely highlight the Complaint's present insufficiency. The Court should dismiss Plaintiffs' NIED claim.

### 3. The Parents Do Not Allege Cognizable Emotional Distress

To make out their own indirect NIED claim, Plaintiffs must allege the parents suffered the same type of genuine and substantial emotional distress that the students must allege.  *See Portee*, 417 A.2d at 528.  Plaintiffs merely allege vaguely in their Complaint that the parents had "fear[] for the safety and wellbeing of their children." (ECF 1 at ¶ 58.)  Such an allegation is not enough.  *See, e.g.*, *Tassel*, 2017 U.S. Dist. LEXIS 190953, at *26 (granting motion to dismiss NIED claim).  In the same way that Plaintiffs fail to allege the students suffered such cognizable emotional distress, the parents similarly fall short.  Their indirect NIED claims must be dismissed.

## III. PLAINTIFFS FAIL TO MAKE ANY ALLEGATIONS SUPPORTING THEIR PRAYER FOR PUNITIVE DAMAGES.

Where, as here, Plaintiffs fail to plead any facts supporting punitive damages, the prayer for such an award is properly dismissed at the Rule 12(b)(6) stage. Plaintiffs concede that, to seek punitive damages, they must allege facts demonstrating that Guida's "acts or omissions 'were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.'"  (ECF 20 at 29.)  But Plaintiffs mistakenly argue that they may bring unsubstantiated causes of action and prayers for relief that, unsupported by facts, entitle them to that relief.  (*See id.*)  Plaintiffs' sole argument in support of their prayer for punitive damages is the claim that:

> Given the size of this contamination event – an event stemming from
> products that presumably went through numerous steps of the supply
> chain – it is reasonable to infer that at least one representative at
> Defendant-company was aware of this contamination event and either
> contumaciously or recklessly shipped the product out anyway.

(*Id.*)  This allegation is not in Plaintiffs' Complaint.  Nor could it be—Rule 11 would not allow that.  Instead, it exists as unsupported and idle supposition.

The Court should grant dismissal of a prayer for punitive damages when the complaint lacks allegations supporting those damages.  *See, e.g.*, *Thomas-Fish v. Avborne Accessory Grp., Inc.*, No. 18-1195-MN-SRF, 2019 U.S. Dist. LEXIS 16329, at *15-16 (D. Del. Feb. 1, 2019) (applying New Jersey law).  In *Thomas-Fish*, the court granted the defendants' Rule 12(b)(6) motion to dismiss a prayer for punitive damages, holding that:

> Plaintiff has not pleaded any facts that suggest actual malice or willful
> or wanton conduct.  The complaint is bare of factual allegations of any
> defendant's alleged act or omission, and such other conduct that would
> arguably be a predicate for survival of a claim for punitive damages.
> The complaint relies on general, conclusory allegations[.]

*Id.*; *see also Gillman v. Rakouskas*, No. 16-4619 (JBS/KMW), 2017 U.S. Dist. LEXIS 10835, at *7-8 (D.N.J. Jan. 26, 2017) ("Plaintiff's Complaint is completely devoid of any facts that would allow the Court to reasonably infer that Defendants acted in a manner that could be classified as 'actual malice' or a 'wanton or reckless disregard' for others.  Accordingly, Defendants' motion to dismiss Plaintiffs' prayer for punitive damages is granted.").  Since Plaintiffs have pleaded no allegations that

14

Guida's acted with actual malice or with a wanton and willful disregard, their punitive damages prayer must be dismissed.

Pleas for discovery also cannot save an otherwise unsubstantiated prayer for punitive damages. *See Hurst*, 2020 U.S. Dist. LEXIS 107156, at *6 n.2.  In *Hurst*, the plaintiffs appealed to what they might subsequently find in discovery.  The court remained unconvinced: "Plaintiffs' request that they are entitled to discovery to determine 'Defendants' minds or thoughts' is unwarranted.  Plaintiffs are essentially requesting permission to go on a fishing expedition in the hopes that they will find some basis to support their claim, which at this stage has no factual foundation." *Id.*

Here, Plaintiffs seek an identical fishing expedition to later attempt to justify the Complaint's present claims.  (ECF 20 at 29.)[6]  Plaintiffs do not allege any facts suggesting Guida's acted with actual malice or willful or wanton conduct.  They cannot rely upon the promise of future discovery to survive a motion to dismiss, and as such, dismissal of the prayer for punitive damages is warranted.

## CONCLUSION

Defendant requests that this Court dismiss Plaintiffs' negligence and claims and their prayer for punitive damages pursuant to Rule 12(b)(6) and grant all such further relief as this Court deems just and proper.

---

[6] Plaintiffs' "file first, ask questions later" approach inverts the requirement of Rule 11(b)(3) that legal contentions rest upon factual support prior to filing.

Dated: July 11, 2022    Respectfully Submitted,
   New York, NY

        */s/ Philip A. Goldstein*
        Philip A. Goldstein
        McGuireWoods LLP
        1251 Avenue of the Americas, 20th Floor
        New York, New York 10020-1104
        Telephone: (212) 548-2167
        Fax: (212) 548-2150
        Email: pagoldstein@mcguirewoods.com

        *Attorneys for Defendant The Guida-*
        *Seibert Dairy Company*

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 11th day of July, 2022, I caused a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel of record are registered CM/ECF users and will be served by the CM/ECF System.

*/s/ Philip A. Goldstein*
Philip A. Goldstein

*Counsel for Defendant The Guida-Seibert Dairy Company*

17