UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANEE GOULD, et al.<br><br>    Plaintiff(s),<br><br>v.<br><br>THE GUIDA-SEIBERT DAIRY COMPANY,<br><br>    Defendant(s). | Civil No. 22-cv-01861-NLH-AMD<br><br>Noel L. Hillman, U.S.D.J. |

**JOINT CERTIFICATION[1] OF THE CITIZENSHIP OF THE PARTIES IN DIVERSITY CASES[2]**

**PLAINTIFF(S):**

| Name | Type | State(s) of Citizenship |
|---|---|---|
| TIFFANEE GOULD | ☑ Individual[3]<br>☐ Corporation[4]<br>☐ Partnership[5]<br>☐ Limited Liability Company[6] | New Jersey |
| DOMINIQUE WILSON | ☑ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | New Jersey |
| DEBORAH POLLITT | ☑ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | New Jersey |

In cases where one or more Plaintiffs are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Plaintiffs.

**DEFENDANT(S):**

| Defendant | Type | State(s) of Citizenship |
|---|---|---|
| THE GUIDA-SEIBERT DAIRY COMPANY | ☐ Individual<br>☑ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | Connececticut |
| | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | |
| | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | |

In cases where one or more Defendants are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Defendants.

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

Samuel Jackson [signature] Date 2/23/23

Appearing on behalf of Plaintiff(s)

Philip A. Goldstein [signature] Date 2/24/2023

Appearing on behalf of Defendant(s)

This form may be replicated as necessary. Additional sheets may be added.

---

[1] As of March 10, 2016, the Court entered a standing order that this Joint Certification be executed by the parties and filed in diversity cases by the first Rule 16 conference.

[2] Parties may not consent to jurisdiction, and federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required."); Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (citations omitted) ("The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.").

[3] 28 U.S.C. § 1332(a)(1); McNair v. Synapse Grp. Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].").

[4] 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business").

[5] A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[6] The citizenship of an LLC is is determined by the citizenship of each of its members. Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015). The parties are directed to list each member and its citizenship.

3