Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone: (212) 548-2167
pagoldstein@mcguirewoods.com

James F. Neale (*pro hac vice*)
MCGUIREWOODS LLP
323 Second Street SE, Suite 700
Charlottesville, Virginia 22902
Telephone: (434) 977-2582
jneale@mcguirewoods.com

*Attorneys for Defendant The Guida-Seibert Dairy Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| TIFFANEE GOULD, individually and on behalf of her minor son, A.J. *et al.*, | Case No.: 1:22-cv-01861-NLH-AMD |
| Plaintiffs, | **DEFENDANT THE GUIDA-SEIBERT DAIRY COMPANY'S ANSWER AND DEFENSES** |
| v. | |
| THE GUIDA-SEIBERT DAIRY COMPANY *et al.*, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant The Guida-Seibert Dairy Company ("Defendant"), with its principal place of business located at 433 Park Street, New Britain, Connecticut 06051, by and through its undersigned counsel, McGuireWoods LLP, hereby submits its Answer and Defenses to the Complaint ("Complaint") filed by Plaintiffs Tiffanee Gould, Dominique Wilson, and Deborah Pollitt (collectively, "Plaintiffs"), and responds to the correspondingly numbered paragraphs of the Complaint as follows:

1

### DEFENDANT'S PRELIMINARY STATEMENT REGARDING THE ORDER GRANTING ITS MOTION TO DISMISS

Pursuant to this Court's order and opinion issued on February 21, 2023, counts one and three of the Complaint have been dismissed as to the minor childrens' individual and putative class claims, as have all counts as to the parents' individual and putative class claims, as has Plaintiffs' claim for punitive damages.  Accordingly, count two brought on behalf of the minor children is the only remaining claim.  This will be reflected in the answers below.

### AS TO THE JURISDICTION AND VENUE

1.  Defendant admits, upon information and belief, that this Court has subject matter jurisdiction over this case.

2.  Defendant is without sufficient knowledge or information to admit or deny that Plaintiffs all reside in the State of New Jersey, and, therefore, Defendant denies the allegations in paragraph 2 of the Complaint.  Defendant further denies that class certification is appropriate in this matter.

3.  Defendant admits that it is incorporated in the State of Connecticut and has its principal place of business in Connecticut.

4.  Defendant admits only that it conducts certain business in the State of New Jersey and that a substantial part of the events related to this claim occurred in that district.  Defendant denies any liability to Plaintiffs or the putative class, denies it violated any law, and denies that Plaintiffs or the putative class are entitled to any damages claimed or relief sought in the Complaint.

### AS TO THE PARTIES

5.  Upon information and belief, Defendant admits that Tiffanee Gould is an adult person but is without sufficient knowledge or information to admit or deny whether Tiffanee

Gould is a resident of Camden County, New Jersey and therefore denies the same. Defendant denies any remaining allegations of Paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Upon information and belief, Defendant admits that Dominique Wilson is an adult person but is without sufficient knowledge or information to admit or deny whether Dominique is a resident of Camden County, New Jersey and therefore denies the same. Defendant denies any remaining allegations of Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 8 of the Complaint.

9. Upon information and belief, Defendant admits that Deborah Pollitt is an adult person but is without sufficient knowledge or information to admit or deny whether Deborah Pollitt is a resident of Camden County, New Jersey and therefore denies the same. Defendant denies any remaining allegations of Paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits that it is a corporation incorporated under the laws of the State of Connecticut, with principal place of business located at 433 Park Street, New Britain, Connecticut 06051, and with a registered agent for service of process in Connecticut being the Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford,

Connecticut 06103. Defendant denies any remaining allegations in paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 12 of the Complaint.

## AS TO THE SUBSTANTIVE ALLEGATIONS

13. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits it contracted with Aramark to provide milk to the Camden City School District.

16. Defendant admits that it is in the dairy business and that it processed and delivered milk to schools within the Camden City School District. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 16 of the Complaint, and, therefore, denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations and legal conclusions in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant admits that it learned of the alleged incident from its distributor and is aware of certain media reports of the alleged incident, but is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint, and, therefore, Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant admits that the Connecticut Department of Agriculture issued a press release on March 31, 2022. Defendant denies that Plaintiffs have accurately or comprehensively stated the terms of that press release, the terms of which are self-evident and Defendant refers to that press release for its content and meaning. Defendant denies any remaining allegations in paragraph 24.

25. Defendant admits that local news website NJ.com reported the alleged incident on or about March 31, 2022. Defendant denies that Plaintiffs have accurately or comprehensively stated the terms of that report, the terms of which are self-evident and Defendant refers to the NJ.com new reports for their content and meaning. Defendant denies any remaining allegations in paragraph 25.

## AS TO THE CLASS ACTION ALLEGATIONS

26. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 26 and notes that the Court dismissed all claims of the parents, whether asserted individually or as a putative class.

27. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 27 and notes that the Court dismissed all claims of the parents, whether asserted individually or as a putative class.

## AS TO NUMEROSITY

28. Defendant denies that class certification is appropriate in this matter. Defendant denies there are individuals so numerous to certify a class. Defendant denies any remaining allegations and legal conclusions in paragraph 28.

29. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 29.

30. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 30.

31. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 31.

## AS TO COMMONALITY AND PREDOMINANCE

32. Defendant denies that class certification is appropriate in this matter. Defendant denies that there are questions of law and fact common to certify a class. Defendant denies any remaining allegations and legal conclusions in paragraph 32.

33. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 33(a) through (c). Defendant denies that there are questions of law and fact common to certify a class. Defendant denies any liability to Plaintiffs or the putative class, denies it violated any law, and denies that Plaintiffs or the putative class are entitled to any damages claimed or relief sought in the Complaint.

## AS TO TYPICALITY

34. Defendant denies that class certification is appropriate in this matter. Defendant denies that there are claims typical such as to certify a class. Defendant denies any remaining allegations and legal conclusions in paragraph 34.

## AS TO ADEQUACY

35. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 35.

36. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 36.

## AS TO SUPERIORITY

37. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 37.

38. Defendant denies that class certification is appropriate in this matter. Defendant denies any remaining allegations and legal conclusions in paragraph 38.

## AS TO COUNT ONE

39. Defendant realleges its responses to paragraphs 1 through 38 as though fully set forth herein.

40. Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

41. Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

42. Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

43. Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

## AS TO COUNT TWO

44. Defendant realleges its responses to paragraphs 1 through 43 as though fully set forth herein.

45. Defendant denies the allegations and legal conclusions in paragraph 45 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

46. Defendant denies the allegations and legal conclusions in paragraph 46 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

47. Defendant denies the allegations and legal conclusions in paragraph 47 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

48. Defendant denies the allegations and legal conclusions in paragraph 48 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

49. Defendant denies the allegations and legal conclusions in paragraph 49 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant

need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

50. Defendant denies the allegations and legal conclusions in paragraph 50 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

51. Defendant denies the allegations and legal conclusions in paragraph 51(a) through (c) of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

52. Defendant denies the allegations and legal conclusions in paragraph 52 of the Complaint as they relate to the minor children's claims. Pursuant to this Court's opinion and order, this count has been dismissed as it relates to the parents' claims, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

## AS TO COUNT THREE

53. Defendant realleges its responses to paragraphs 1 through 52 as though fully set forth herein.

54. Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond. *See* L. Civ. R. 12.2. To the extent a response is required, Defendant denies these allegations.

55.     Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond.  *See* L. Civ. R. 12.2.  To the extent a response is required, Defendant denies these allegations.

56.     Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond.  *See* L. Civ. R. 12.2.  To the extent a response is required, Defendant denies these allegations.

57.     Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond.  *See* L. Civ. R. 12.2.  To the extent a response is required, Defendant denies these allegations.

58.     Pursuant to this Court's opinion and order, this count has been dismissed, and, therefore, Defendant need not respond.  *See* L. Civ. R. 12.2.  To the extent a response is required, Defendant denies these allegations.

## AS TO THE PRAYER FOR RELIEF

Defendant denies the allegations and legal conclusions in the WHEREFORE clauses following paragraph 58 of the Complaint contained within paragraphs (A) through (F), and further denies that Plaintiffs are entitled to any of the relief requested in the Complaint and calls for strict proof of the same.

## AS TO THE JURY DEMAND

Defendant denies that Plaintiffs or the putative class are entitled to trial by jury or that such is appropriate in this action.

## GENERAL DENIAL

Defendant denies all other allegations in the Complaint that are not expressly admitted herein.

## DEFENSES

Defendant asserts the following defenses and avoidances to the Complaint without assuming the burden of proof on any such defendant that would otherwise rest with Plaintiffs and reserving the right to amend and/or supplement their responses to the Complaint, as well as these defenses and avoidances, as additional information is obtained through discovery or otherwise.

### FIRST DEFENSE
### (Failure to state a claim)

The Complaint fails to state any viable claim upon which relief may be granted.

### SECOND DEFENSE
### (Failure to mitigate)

Plaintiffs' and the putative class' claims are or may be barred to the extent Plaintiffs or the putative class members failed to mitigate their damages, if any.

### THIRD DEFENSE
### (Compliance with applicable laws)

Some or all of Plaintiffs' claims are or may be barred in whole or in part because Defendant's conduct at all times complied with all applicable laws, rules, and regulations.

### FOURTH DEFENSE
### (Lack of damages/speculative damages)

Some or all of Plaintiffs' claims are or may be barred in whole or in part because Plaintiffs have not suffered any actual damages caused by Defendant and/or Plaintiffs' purported damages are impermissibly speculative and/or remote.

### FIFTH DEFENSE
### (Third party conduct)

Plaintiffs have sustained no damages attributable to the acts or omissions of the Defendant. Plaintiffs' damages, if any, were caused by acts and omissions of other parties over whom the Defendant has no control.

## SIXTH DEFENSE
### (Superseding or intervening cause)

Plaintiffs' damages, if any, were proximately caused by superseding and/or intervening causes.

## RESERVATION OF RIGHTS

Neither this Answer nor any prior or later appearance, pleading, or claim waives: (i) any right to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (ii) an election of remedies, or (iii) any other substantive or procedural rights, claims, actions, defenses, setoffs, or recoupments under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

WHEREFORE, The Guida-Seibert Dairy Company respectfully requests this Court: (a) enter judgment in its favor and/or render a decision that is not adverse to the interests of The Guida-Seibert Dairy Company; (b) dismiss Plaintiffs' Complaint with prejudice as against The Guida-Seibert Dairy Company; and (c) award such other and further relief as this Court deems proper.

Dated: March 7, 2023
       New York, New York         **McGUIREWOODS LLP**

                                  By: *s/ Philip A. Goldstein*
                                      Philip A. Goldstein
                                      pagoldstein@mcguirewoods.com
                                      McGuireWoods LLP
                                      1251 Avenue of the Americas, 20th Floor
                                      New York, New York 10020
                                      (212) 548-2100

                                      James F. Neale (*pro hac vice*)
                                      jneale@mcguirewoods.com
                                      McGuireWoods LLP
                                      323 Second Street SE, Suite 700

>Charlottesville, VA 22902
>Telephone:  (434) 977-2582
>Fax:  (434) 980-2263
>
>*Attorneys for Defendant The Guida-Seibert Dairy Company*

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Philip A. Goldstein, the undersigned attorney of record for Defendant, do hereby certify to my own knowledge and based upon information available to me, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 7, 2023

By: */s/ Philip A. Goldstein*
Philip A. Goldstein

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration because Plaintiffs seek damages in excess of $150,000 exclusive of interests and costs.

Dated: March 7, 2023

By: */s/ Philip A. Goldstein*
Philip A. Goldstein

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone: (212) 548-2167
pagoldstein@mcguirewoods.com

James F. Neale (pro hac vice)
McGuireWoods LLP
323 Second Street SE
Suite 700
Charlottesville, VA 22902
Telephone:  (434) 977-2582
jneale@mcguirewoods.com

*Attorneys for Defendant The Guida-Seibert Dairy Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TIFFANEE GOULD, individually and on behalf of her minor son, A.J. *et al.*, | : | Case No.: 1:22-cv-01861-NLH-AMD |
| Plaintiffs, | : | **CERTIFICATE OF SERVICE** |
| v. | : | |
| THE GUIDA-SEIBERT DAIRY COMPANY *et al.*, | : | |
| Defendants. | : | |

I HEREBY CERTIFY that on this 7th day of March 2023, I caused a true and correct copy of the foregoing Answer and Defenses to be served on all counsel of record via the Court's CM/ECF electronic filing system.

1

Dated: March 7, 2023  **McGUIREWOODS LLP**
      New York, New York

By: *s/ Philip A. Goldstein*
    Philip A. Goldstein
    McGuireWoods LLP
    1251 Avenue of the Americas, 20th Floor
    New York, New York 10020
    Telephone:  (212) 548-2100
    pagoldstein@mcguirewoods.com

    James F. Neale (*pro hac vice*)
    McGuireWoods LLP
    323 Second Street SE, Suite 700
    Charlottesville, VA 22902
    Telephone:  (434) 977-2582
    jneale@mcguirewoods.com

    *Attorneys for Defendant The Guida-Seibert Dairy Company*