# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANEE GOULD, individually, and on behalf of her minor son, A.J.; <br><br> DOMINIQUE WILSON, individually, and on behalf of her minor daughter, A.J.; <br><br> DEBORAH POLLITT, individually, and on behalf of her minor daughter, D.P.; and <br><br> On behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE GUIDA-SEIBERT DAIRY COMPANY; JOHN DOES 1-10 (Fictitious Names); and ABC BUSINESS ENTITIES 1-10 (Fictitious Entities), <br><br> Defendants. | Civil Action No.: 1:22-cv-01861 (NLH)(AMD) <br><br> **DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

    1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, product formulations, ingredients, manufacturing processes, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

    2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or

1

portion of any document or thing that contains highly sensitive: (a) personal information, or (b) business information including but not limited to (i) previously non-disclosed financial information, (ii) previously non-disclosed material relating to ownership or control of any non-public company, (iii) previously non-disclosed business plans, (iv) product-development information, marketing plans, product formulations, ingredients, ingredient sources, and/or manufacturing processes, (v) or any other category of information this Court subsequently affords confidential status, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

      3.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, any appeals thereof, and for no other purpose, and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court. Nothing contained herein, however, will affect or restrict the rights of any party with respect to its own documents or information production in this action.

      4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a.    Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b.    Outside experts, advisors or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d.    The Court and court personnel;

    e.    Any mediator or arbitrator and their staff that the parties engage in this matter or that this Court appoints, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

f.     During a deposition, any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

g.     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.     The parties, their insurers, and counsel to their insurers. In the case of parties that are corporations or other business entities, "party" shall mean executives and employees who are required to participate in decisions with reference to this lawsuit or otherwise have responsibility for directing or assisting litigation counsel in connection with this action;

i.     Other persons by written consent of the designating party or third party on such conditions as may be agreed or ordered.

5.     Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. Any person receiving Confidential material shall not reveal or discuss information to or with any person not entitled to receive such information under the terms hereof.

6.     With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. If no indication on the record is made, all information disclosed during a deposition shall be deemed Confidential until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7.     Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question by designating the documents by Bates number and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, thechallenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which document is filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after discovery of the inadvertent disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing

herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure, however the basis for the challenge may not be the fact or circumstances of the production.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, which includes the exhaustion of all appeals and/or expiration of the time within which to file all appeals, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

17. When any party receiving Confidential material ships the Confidential material to others designated in this Order as authorized to receive Confidential material, the receiving party will encrypt any electronic data (if the material is in that format) and supply the password in separate correspondence to the recipient. If the Confidential material is in hard copy/paper form, the receiving party will ship the Confidential material using secure packaging tape through a shipping company that maintains a tracking number for the materials. If the receiving party learns at any time that Confidential material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the producing party and take all reasonable measure to retrieve the improperly disclosed Confidential material.

SO STIPULATED AND AGREED.

_____
Counsel for Plaintiffs
Dated: May 3, 2023

_____
Counsel for Defendant
Dated: May 4, 2023

IT IS SO ORDERED.

Dated: _____            _____
                                Hon. Ann Marie Donio, U.S.M.J.

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANEE GOULD, individually, and on behalf of her minor son, A.J.;<br><br>DOMINIQUE WILSON, individually, and on behalf of her minor daughter, A.J.;<br><br>DEBORAH POLLITT, individually, and on behalf of her minor daughter, D.P.; and<br><br>On behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GUIDA-SEIBERT DAIRY COMPANY; JOHN DOES 1-10 (Fictitious Names); and ABC BUSINESS ENTITIES 1-10 (Fictitious Entities),<br><br>Defendants. | Civil Action No.: 1:22-cv-01861 (NLH)(AMD)<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I,_____, being duly sworn, state that:

    1.    My address is_____.

    2.    My present employer is _____and the address of my present employment is_____.

    3.    My present occupation or job description is_____.

    4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts,

or indices of Confidential Information disclosed to me.

      6.    I will limit use of Confidential Material disclosed to me solely for purpose of this action.

      7.    No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____  _____

                                               [Name]