# EXHIBIT A

**CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and between Tiffanee Gould, on behalf of herself individually ("Guardian") and on behalf of Guardian's minor child, A.J. ("Plaintiff") and The Guida-Seibert Dairy Company ("Defendant" or "Guida-Seibert") (collectively, the "Parties"). The Agreement will become effective on the last date that this Agreement is fully executed by the Parties (the "Effective Date").

**RECITALS**

I. Guardian alleges that Plaintiff was enrolled at Early Childhood Development Center, 1602 Pine St, Camden, NJ 08103, on or about March 30, 2022. Guardian further alleges that Guida-Seibert contracts with food distributors which deliver the milk it produces to the Camden City School District for consumption by students. On March 30, 2022, Guardian alleges that Plaintiff drank from a milk carton produced by Guida-Seibert that had been inadvertently filled with a mixture of pasteurized water and food-grade sanitizer, Vortexx® (the "Incident").

II. On April 1, 2022, putative classes in which Guardian alleges that Guardian and Plaintiff are members filed a complaint in the United States District Court for the District of New Jersey against Guida-Seibert. The Complaint is styled as *Tiffanee Gould, Dominique Wilson, and Deborah Pollitt v. The Guida-Seibert Dairy Company; John Does 1-10, and ABC Business Entities 1-10*, Case No. 1:22-cv-01861-NLH-AMD (the "Lawsuit").

III. The Lawsuit attempted to certify two putative classes: one representing the parents and legal guardians of affected schoolchildren, and the other consisting of those schoolchildren. The putative classes each asserted claims of negligence, New Jersey Products Liability Act, negligent infliction of emotional distress, and requested punitive damages.

IV. On February 21, 2023, the Court granted Guida-Seibert's partial motion to dismiss, dismissing (a) the claims brought by the parents/Guardian's class, (b) two of the claims (negligence and negligent infliction of emotional distress) brought on behalf of the putative class of schoolchildren, and (c) the punitive damages claim. The Court left only the New Jersey Products Liability Act claim brought on behalf of the putative class of schoolchildren.

V. The Parties desire to enter into this Agreement to provide for a certain payment in full and final settlement and complete discharge of any and all claims by and between Guida-Seibert and its agents, subsidiaries, parents, divisions, affiliates, joint ventures, parent cooperative Dairy Farmers of America and related entities and persons, its/their successors and assigns, and its/their past and present directors, officers, employees, shareholders, successors, heirs, representatives, assignees, insurers, and attorneys (collectively, "the Released Parties") and Plaintiff and Plaintiff's Guardian upon the terms and conditions set forth herein.

    VI.    Guida-Seibert enters into this Agreement without any admission of fault or liability on its part or that of the other Released Parties relating to the Incident or any of the claims actually asserted or which could have been asserted in the Lawsuit arising from or related to the Incident. This Agreement is entered into by the Parties solely to avoid expensive and time-consuming litigation and to end all controversies between them.

NOW, THEREFORE, for and in consideration of the foregoing and of the mutual agreements, promises, covenants, and general release set forth below, and for and in consideration of a one-time payment totaling Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00), paid by or on behalf of the Released Parties as set forth below the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

    a.    **General and Complete Release of Claims.**

        1.    **Release of the Released Parties.** In consideration of the payment recited herein, Plaintiff, individually, Guardian, individually and on behalf of Plaintiff, and Plaintiff's and Guardian's respective parents, guardians, agents, heirs, executors, personal representatives, estates, survivors, descendants, insurers, attorneys, administrators, successors, and assigns, and anyone who has or obtains any legal rights or claims through Plaintiff or Guardian, hereby fully and finally release, and forever discharge Defendant and the other Released Parties from and against any and all known or unknown claims, losses, damages, liabilities and expenses (inclusive of attorneys' fees), rights, liens, demands, dues, sums of money, accounts, reckonings, lien bonds, bills, covenants, contracts, controversies, damages, judgments, demands, remedies of any type, and causes of action of any kind and every nature whatsoever that Guardian and/or Plaintiff has ever had, or may ever have, vested or contingent, whether based in law or equity, whether known or unknown or suspected, including but not limited to claims for personal injuries and all other damages arising out of or connected with, directly or indirectly: (i) the Incident; and (ii) all claims for personal injuries and all other damages that were asserted or could have been asserted in the Lawsuit ("Released Matters"), provided, however, nothing in this release shall be deemed or construed to release Plaintiff's or Guardian's right to enforce this Agreement against Guida-Seibert and the other Released Parties. Without limiting the generality of the foregoing, the matters released include all claims for personal injury and related damages, and all potential future claims, relating to or arising from the purchase, consumption, ingestion or use of any Guida-Seibert product prior to the execution of this Agreement, including all *per quod* and derivative claims.

    b.    **Unknown Facts.** It is expressly understood and agreed by the Parties that this Agreement is intended to and does cover any and all losses, damages, and claims, whether direct or indirect, known or unknown, suspected or unsuspected by the Parties arising out of the Incident. The Parties acknowledge that they may hereafter

discover facts or circumstances different from, or in addition to, those which are now known to be or believed to be true with respect to Plaintiff's and Guardian's alleged injuries and the Incident, and agree that this Agreement and the release contained herein shall be and remain effective in all respects, notwithstanding such different or additional facts or circumstances and the subsequent discovery thereof, forever.

c. **Payment.** In consideration of the general release set forth in paragraph (a) above, Defendant agrees to cause to be paid a one-time payment totaling Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00) ("Settlement Payment") as set forth below on behalf of the Released Parties, within twenty-one (21) days after the following conditions have been met: (1) McGuireWoods LLP, counsel for Guida-Seibert, receives an executed copy of this Agreement; (2) the Court enters an order approving the terms of this Agreement; and (3) McGuireWoods LLP receives executed IRS W-9 forms from Guardian and Lento Law Group, P.C..

1. Defendant will issue a one-time payment in the amount of $5,906.12 payable to the Surrogate of Camden County to be deposited into the "Surrogate of Camden County Intermingled Trust Fund f/b/o A.J., a minor," which Plaintiff's counsel agrees to promptly deposit into the Surrogate of Camden County's Intermingled Account for the benefit of A.J.; and

2. Defendant will issue a one-time payment in the amount of $2,593.88 payable to Lento Law Group, P.C, inclusive of all attorneys' fees, damages, costs and other fees associated with Plaintiff's and Guardian's respective claims. This fee represents 25% percent of the total Settlement Payment, including costs incurred by counsel for Plaintiff and Guardian including the following disbursements:

| | |
|---|---|
| Complaint filing fee | $ 402.00 |
| Service of complaint | $ 506.37. |
| Medical Record fees | $ 125.00 |
| Mediation fee | $ 6468.80 |
| Total | $ 7,502.17 |
| Expenses per child (1/16th of total) | $ **468.88** |

d. **Approval Motion.** Counsel for Plaintiff and Guardian shall file a motion seeking judicial approval of this Agreement pursuant to N.J. Court Rule 4:44-3, which shall include all necessary documents, memorandum, affidavits and exhibits. The motion must be agreed upon by the Parties before submission. Counsel for Plaintiff and Guardian will provide to Defendant's counsel a draft of the motion seeking approval of this Agreement and attachments prior to filing with the Court to ensure they are consistent with this Agreement and governing law. Defendant's counsel shall be given ten (10) days to review the terms, form and content of the proposed motion and all other documents to be filed with the Court as part of the motion seeking approval of this Agreement before those documents are filed with the

    Court. Counsel for Plaintiff and Guardian agree to appear at any Friendly hearing required or requested by the Court with Plaintiff and Guardian, if required, and to take all necessary actions at any such hearing to obtain Court approval.

e. **Costs.** Each of the Parties will pay their own costs, expenses, and attorneys' fees incurred in prosecuting or defending this Lawsuit and the negotiation and execution of this Agreement and which may be incurred in the future to carry out the terms of this Agreement, without seeking any reimbursement from the other party; provided that this Costs provision does not apply to any action to enforce this Agreement.

f. **Settlement Not an Admission of Liability.** The Parties agree that the releases contained herein, and payment pursuant to this Agreement, are not to be construed as an admission of liability, negligence, willful or intentional misconduct, breach of express or implied warranty, breach of contract, negligence, gross negligence, violation of statutes or standards, or fault of any kind whatsoever on the part of Plaintiff, Guardian, Defendant or any of the other Released Parties, but rather are to be construed strictly as a compromise and settlement of all disputes between Plaintiff, Guardian and Guida-Seibert and the other Released Parties known and presented as of the date of this Agreement, for the purpose of avoiding further controversy, litigation, and expense relating to this Lawsuit. Plaintiff and Guardian further agree that all claims or allegations of negligence, recklessness, violation of statutes or standards, and/or fault have been and are expressly denied by Defendant and the other Released Parties.

g. **Dismissal with Prejudice.** As consideration for the promises and covenants set forth herein, the Parties will work to obtain Court approval of this Agreement as set forth above and, once approved, file a Stipulation of Dismissal with the Court dismissing with prejudice all claims asserted and alleged in the Lawsuit against Guida-Seibert. From and after the execution of this Agreement, the Parties agree to take no further action to prosecute or defend the Lawsuit or any other Released Matters against Plaintiff, Guardian, Guida-Seibert or any of the Released Parties. Such Stipulation of Dismissal shall be filed with the Court within five (5) business days after the Settlement Payment has cleared.

h. **Cooperation.** The Parties hereto agree to cooperate fully, to obtain Court approval of this Agreement and execute any and all supplemental documents, and to take any additional action that may be necessary to give full force and effect to the basic terms and intent of this Agreement, and which are not inconsistent with its terms.

i. **No Representations.** Plaintiff and Guardian admit that no statement of fact or opinion has been made by Defendant, or by anyone acting on behalf of Defendant or any of the Released Parties, to induce execution of this Agreement, other than as expressly set forth in this Agreement. The Parties admit that each has obtained legal counsel of their own choice and has consulted such legal counsel regarding

the legal effect of signing this Agreement, and that this Agreement is executed freely. The Parties further agree that their settlement of the Lawsuit is in good faith.

j. **Warranties.**

The Parties each represent and warrant that:

1. Each individual signing the Agreement has the right, authority, mental and physical capacity and is otherwise competent to execute this Agreement and to receive the consideration specified in it;

2. No other person or entity has or will have any interest in the claims, demands, obligations, and causes of action referred to in this Agreement;

3. The Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, and causes of action referred to in this Agreement;

4. There are no other persons or entities who now have or may hereafter acquire the rights of the Parties to proceed against each other or any of the Released Parties on any action, claim, demand, cause of action, or controversy concerning, arising out of or relating in any manner whatsoever to the Incident and any of the claims, demands, obligations, or causes of action referred to in the Lawsuit and in this Agreement;

5. Each fully understands each and every term and condition of this Agreement, and expressly agrees that the signing of this document is done voluntarily; and

6. Each has read this document in its entirety and represents that the terms and conditions of this Agreement have been explained to each Party by their respective attorneys.

7. Guardian, individually and on behalf of Plaintiff, hereby represents and warrants that Guardian and Plaintiff have not filed or instituted on behalf of themselves or any person or entity claiming by or through them, any claim, suit, action or other proceeding for the same injuries or conditions Guardian and Plaintiff contend resulted from, in whole or in part, the Incident. Guardian, individually and on behalf of Plaintiff, hereby covenant and agree for themselves and any person or entity claiming through them, including their estates, beneficiaries, executors, heirs, administrators, attorneys, insurers, agents and assigns, never to file, institute or attempt to file, refile, institute, reinstitute, revive or prosecute any action, suit or other proceeding in law, in equity or otherwise, against the Released Parties relating to or arising from the claims released or the matters settled herein or to assist others in doing so. Guardian, individually and on behalf of Plaintiff, further represents, warrants, covenants and agrees that they will not prosecute, participate in or benefit

    from any class action litigation involving Guida-Seibert products sold, consumed, ingested or used in any manner prior to the date of execution of this Agreement.

k.  **Medicare, Medicaid and Social Security.** In consideration of the Parties' willingness to settle the claims referenced in this Agreement, and to induce said settlement, Guardian, individually and on behalf of Plaintiff, and Guardian/Plaintiff's counsel hereby agree, warrant and represent that: Plaintiff is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure, has not received Social Security Disability Insurance benefits for 24 months or longer, etc.); there is no Medicare lien or claim applicable to Plaintiff's claims in this litigation; that no conditional payments have been made to Plaintiff by Medicare for any injury, medical condition or prescription covered related in any way to this litigation; that Plaintiff is not and never has been a Medicare beneficiary; that Plaintiff is not currently receiving Social Security Disability Benefits or Railroad Retirement Board Disability Benefits; that Plaintiff has not applied for Social Security Disability Benefits or Railroad Retirement Board Disability Benefits; that Plaintiff has not been denied Social Security Disability Benefits or Railroad Retirement Board Disability Benefits; that Plaintiff has not appealed a denial of Social Security Disability Benefits; that Plaintiff has not appealed a denial of Social Security Disability Benefits or Railroad Retirement Board Disability Benefits; and that Plaintiff does not have amyotrophic lateral sclerosis (also known as ALS or Lou Gehrig's Disease). Guardian further warrants and represents that the New Jersey Medical Assistance and Health Services (Medicaid) Program has not provided any benefits to Guardian or Plaintiff related to treatment for injuries allegedly suffered as a result of the Incident and has not asserted a lien against any recovery in the Litigation.  Additionally, as further consideration of the Parties' willingness to settle the claims referenced in this Agreement, and to induce said settlement, Guardian, individually and on behalf of Plaintiff, agrees that their heirs, executors, administrators and assigns will hold harmless and indemnify the Released Parties from and against any losses, claims, fines or penalties, including attorneys' fees, that may result from the false or incorrect reporting to the Released Parties by Guardian or Plaintiff's/Guardian's counsel, individually and on behalf of Plaintiff, or Plaintiff's/Guardian's counsel of Plaintiff's date of birth, Social Security number, Health Insurance Claim Number and/or Medicare eligibility status.

    Nonetheless, if the Centers for Medicare & Medical Services ("CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this settlement, Guardian and Plaintiff agree to indemnify, defend and hold the Released Parties harmless from any action by CMS, Medicare, the United States government, its agents or assigns, or any third party seeking recovery of Medicare conditional payments related to the claims that are the subject of the Lawsuit that is the subject of this Agreement, including subrogation and indemnification.  Guardian agrees to reasonably cooperate with Released Parties upon request with respect to any claim

      that the CMS may make and for which Guardian and Plaintiff are required to indemnify Released Parties under this paragraph. Further, Plaintiff agrees to waive any and all future actions against Released Parties for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(30)(A).

l. **Binding Effect.** This Agreement shall be binding on and inure to the benefit of Plaintiff, Guardian, Guida-Seibert, the Released Parties and their respective successors, purchasers, assigns, heirs, trustees, administrators, executors, and survivors.

m. **Complete Agreement.** This Agreement constitutes and represents the entire agreement. It supersedes all prior and contemporaneous agreements, negotiations, representations, warranties, and understandings of the Parties, whether oral or written, with regard to the subject matter set forth herein. There are no representations, warranties, understandings or agreements other than those expressly set forth in this Agreement.

n. **Supplements, Modifications, Amendments, and Waiver.** No supplement, modification, alteration, change or amendment of this Agreement shall be binding unless executed in writing by the Parties. The waiver by any Party hereto of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach. No failure on the part of any Party to exercise, and no delay in exercising, any right, power, or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power or remedy by such Party preclude any other or further exercise thereof or the exercise of any other right, power, or remedy. No waiver shall be binding unless set forth in writing signed by the party making the waiver.

o. **Severability.** If any provision of this Agreement is held to be illegal, invalid or unenforceable on any occasion or in any circumstance and cannot be modified to be enforceable, except for the general release provision, such holding shall not be deemed to render this Agreement invalid or unenforceable to that extent the provisions of this Agreement are severable and the balance thereof shall remain in full force and effect; provided, however, that this paragraph shall not preclude a court of competent jurisdiction from refusing to sever any provision if severance would be inequitable to one or more of the Parties.

p. **Interpretation, Construction, and Venue.** Should any provision of this Agreement require interpretation or construction, this Agreement shall be interpreted and construed according to the laws of the State of New Jersey, without resort to its conflict-of-law provisions, as to all matters including matters of validity, construction, effect, enforceability, performance and remedies and without any presumption that its provisions are to be construed against the party whose agents or attorneys prepared it. Any disputes, controversy or claim concerning or arising out of this Agreement shall be adjudicated exclusively by the federal district

       court sitting in New Jersey and the Parties hereby submit to the exclusive jurisdiction of the United States Court for the District of New Jersey. Any action to enforce the terms of this Agreement shall be brought before the United States Court for the District of New Jersey.

q. **Execution in Counterparts.** This Agreement may be executed in one or more original counterparts. All counterparts bearing one or more original signatures shall, together, be and constitute one instrument, and all such counterparts shall be considered duplicate originals.

r. **Taxation.** Plaintiff and Guardian acknowledge that Defendant (and its counsel) has made no representations about the tax consequences of the settlement and understand that Plaintiff and Guardian are responsible for any state and federal tax consequences of the Settlement Payment.

s. **Subrogation Claims or Liens.** Plaintiff and Guardian agree to satisfy all subrogation claims, encumbrances or liens from the Settlement Payment, including but not limited to any claims or liens from Medicaid, Social Security and/or Medicare and any claims or liens for any medical care costs, medical insurance companies, HMOs, Worker's Compensation liens and will indemnify, defend, and hold harmless Defendant as to the same.

t. **Confidentiality and Non-Disparagement.** The existence, terms and conditions of this Agreement will be held in confidence by the Parties, and their respective agents, officers, directors, employees and contractors, and shall not be disclosed to any person except as follows: (1) the Parties may disclose the existence, terms and conditions of this Agreement to the extent necessary for any Party to perform its obligations under this Settlement Agreement; (2) any Party may disclose the existence, terms and conditions of this Settlement Agreement to the extent necessary to receive legal, tax, or accounting advice or to a spouse/domestic partner; (3) any Party may disclose the existence, terms and conditions of this Agreement to any governmental entity with regulatory authority over any matter arising out of this Agreement; (4) any Party may disclose the existence, terms and conditions of this Agreement to the extent necessary to comply with any law, rule, regulation, order of a court or other tribunal of competent jurisdiction, or other legal process; (5) as necessary to enforce this Agreement by legal action; and (6) upon written consent of the Parties.

       The negotiations leading to the terms of this Agreement are confidential. Unless compelled to testify at a deposition, administrative proceeding, trial, or as required by law, government rule or regulation, the Parties agree not to: (1) disclose any statement made during negotiations, the terms and conditions of this Agreement or the events leading to the making of this Agreement; and (2) issue a press release, article, memorandum, statement, whether oral or written, or participate in any other publicity regarding the settlement or this Agreement.

In the event that Plaintiff and/or Guardian receives a subpoena, court order, or any request to divulge the contents of this Agreement, Plaintiff and/or Guardian shall immediately notify McGuireWoods LLP, 323 Second Street SE, Suite 700, Charlottesville, Virginia 22911, Attention James F. Neale by email (jneale@mcguirewoods.com) and overnight courier, to allow Guida-Seibert to interject objections or otherwise preserve the confidentiality of this Agreement.

The Parties further agree to refrain from making, causing to be made, publishing, ratifying or endorsing to any third party any and all disparaging remarks, derogatory statements or comments with respect to the Incident. One Hundred Dollars and Zero Cents ($100.00) of the Settlement Payment constitutes consideration for this Settlement Agreement's confidentiality provision.

This confidentiality and non-disparagement requirement extends to social media, and neither Plaintiff/Guardian nor the Released Parties shall refer to this Agreement, including the terms of this Agreement, or Guida-Seibert or any of its employees or agents in any derogatory manner (whether by name or otherwise), or Plaintiff/Guardian or any of their attorneys or agents anywhere on the Internet or on any social media platform.

u.    **Heading References**. The heading references herein are for convenience purposes only, do not constitute a part of this Agreement and shall not be deemed to limit or affect any of the provisions hereof.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the day and year first written above.

_____
Tiffanee Gould, Individually and on behalf of her minor child, A.J.

State of _____

City/County of _____ to-wit:

The foregoing instrument was acknowledged before me, a Notary Public for the State of New Jersey by _____, this ___ day of _____, 2023.

_____
Notary Public

My commission expires: _____

**The Guida-Seibert Dairy Company**

_____

Printed Name:

Title: